R. Scott Feldmann (SBN 169230)
Email:  sfeldmann@bakerlaw.com
BAKER & HOSTETLER LLP
600 Anton Boulevard, Suite 900
Costa Mesa, CA  92626-7221
Telephone:  714.754.6600
Facsimile:   714.754.6611

James B. Hatten *(Pro Hac Vice Ordered)*
Email:  jhatten@bakerlaw.com
BAKER & HOSTETLER LLP
1170 Peachtree Street, Suite 2400
Atlanta, GA 30309-7676
Telephone:  404.459.0050
Facsimile:   404.459.5734

Alberto Interian, III *(Pro Hac Vice Ordered)*
Email:  ai@lipscombpartners.com
LIPSCOMB & PARTNERS, PLLC
25 SE 2nd Avenue, 8th Floor
Miami, FL  33131-1506
Telephone:  (786) 431-2228
Facsimile:   (786) 431-2229

Attorneys for Defendants
INFOWARS, LLC and
FREE SPEECH SYSTEMS, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MATT FURIE,<br><br>Plaintiff,<br><br>v.<br><br>INFOWARS, LLC; FREE SPEECH SYSTEMS, LLC,<br><br>Defendants. | Case No.: 2:18-cv-01830-MWF(JPR)<br><br>**FREE SPEECH SYSTEMS, LLC'S ANSWERS, AFFIRMATIVE DEFENSES AND DEFENSES TO MATT FURIE'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL<br><br>Case Filed: March 05, 2018<br>Trial Date: Not Yet Set |

1

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

Free Speech Systems, LLC ("FSS"), by and through undersigned counsel, hereby responds to the Second Amended Complaint filed by Matt Furie ("Plaintiff").

## ANSWER

FSS answers and avers as follows, with numbered paragraphs corresponding to the like-numbered paragraphs of the Second Amended Complaint.  FSS denies each and every allegation of the Second Amended Complaint unless specifically admitted herein.

## NATURE OF ACTION

1.      FSS admits that the Second Amended Complaint purports to state a cause of action for copyright infringement.  FSS denies all other allegations in paragraph 1.

2.      FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2 and therefore denies them.

3.      FSS admits that a character commonly referred to as "Pepe the Frog" featured prominently in internet memes by 2014.  Except as expressly admitted, FSS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 3 and therefore denies them.

4.      FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4 and therefore denies them.

5.      FSS denies the allegations contained in paragraph 5 as to itself, and lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding "others" in paragraph 5 and therefore denies them.

6.      FSS admits it sold the allegedly infringing poster (the "poster").  FSS admits that the poster features images of U.S. President Donald Trump, social and political commentator Ann Coulter, political commentator and public speaker Milo Yiannopoulos, political commentator and radio show host Alex Jones, political commentators and social media personalities Lynnette Hardaway and Rochelle

2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

Richardson (popularly known as "Diamond and Silk"), political commentator and YouTube personality Paul Joseph Watson, Counselor to the President, President Trump's campaign manager, and political consultant and commentator Kellyanne Conway, campaign advisor, political consultant, lobbyist, and strategist Roger Stone, political commentator and creator of the Drudge Report Matt Drudge, a likeness of Pepe the Frog, and patriotic imagery including the flag of the United States and the United States Capitol.  FSS admits that the poster includes the text "MAGA."  FSS admits that "MAGA" is short for the Trump campaign slogan, "Make America Great Again."  FSS denies that it continues to sell the poster. Except as expressly admitted, FSS denies the remaining allegations of paragraph 6.

7.     FSS denies the allegations in paragraph 7.

8.     FSS admits that the Second Amended Complaint purports to state a cause of action for copyright infringement.  FSS denies all other allegations in paragraph 8.

## JURISDICTION AND VENUE

9.     FSS admits that this case purports to be an action under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*  FSS denies all other allegations in paragraph 9.

10.     FSS admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.     FSS concedes, for purposes of this action only, that this Court has personal jurisdiction over it.  FSS otherwise denies the allegations in paragraph 11.

12.     FSS admits it is a Texas limited-liability company managed by Alex Jones.  FSS admits that it produces radio programming and that it owns and operates infowars.com, which publishes articles and hosts an archive of FSS's audio programs.  FSS denies that it offers for sale products through infowars.com. FSS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 12 and therefore denies them.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

13.     FSS denies that it regularly conducts and solicits business in California and this District.  FSS admits that it sells products online to the general public, including residents of California and this District, and ships those products to buyers all over the United States, including California.  FSS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 13 and therefore denies them.

14.     FSS admits that it offers a "Patriots Points" reward program to its customers, including residents of California, and that it produces a nationally syndicated radio show containing advertising for products available for purchase on infowarsstore.com.  FSS further admits that the Second Amended Complaint purports to attach a list of radio stations that run *The Alex Jones Show* as an exhibit.  FSS denies that it directly solicits purchases from customers in California or this District.  FSS denies the remaining allegations of paragraph 14.

15.     FSS admits it operates an online store at infowarsstore.com. FSS denies that it has committed acts of direct infringement in California and this District in violation of Plaintiff's intellectual property rights.  FSS admits that the Second Amended Complaint purports to attach reviews of the poster as exhibits. FSS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 15 and therefore denies them.

16.     FSS denies the allegations of paragraph 16.

17.     FSS denies the allegations of paragraph 17.

18.     FSS denies the allegations of paragraph 18.

19.     FSS denies the allegations of paragraph 19.

20.     FSS denies the allegations of paragraph 20.

## THE PARTIES

21.     FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21 and therefore denies them.

22.     FSS lacks knowledge or information sufficient to form a belief about

4

the truth of the allegations of paragraph 22 and therefore denies them.

23.     FSS admits it is a limited-liability company organized and existing under the laws of Texas, with a registered address at 3005 S. Lamar Boulevard, Austin, Texas.  FSS denies all other allegations of paragraph 23.

24.     FSS admits that it has owned and operated the websites infowars.com and infowarsstore.com since at least before the alleged infringement commenced. FSS denies that Defendant Infowars, LLC owns and operates the websites infowars.com and infowarsstore.com.

## FACTUAL ALLEGATIONS

25.     FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25 and therefore denies them.

26.     FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26 and therefore denies them.

27.     FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27 and therefore denies them.

28.     FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 28 and therefore denies them.

29.     FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29 and therefore denies them.

30.     FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30 and therefore denies them.

31.     FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 31 and therefore denies them.

32.     FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 32 and therefore denies them.

33.     FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33 and therefore denies them.

34.     FSS lacks knowledge or information sufficient to form a belief about

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

the truth of the allegations of paragraph 34 and therefore denies them.

35.    FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 35 and therefore denies them.

36.    FSS admits that the Second Amended Complaint purports to attach copies of copyright registrations and applications as exhibits.   FSS denies the remaining allegations of paragraph 36.

37.    FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 37 and therefore denies them.

38.    FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 38 and therefore denies them.

39.    FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 39 and therefore denies them.

40.    FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 40 and therefore denies them.

41.    FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 41 and therefore denies them.

42.    FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 42 and therefore denies them.

43.    FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 43 and therefore denies them.

44.    FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 44 and therefore denies them.

45.    FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 45 and therefore denies them.

46.    FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 46 and therefore denies them.

47.    FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 47 and therefore denies them.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

48.　FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 48 and therefore denies them.

49.　FSS admits it was founded in 2007 and is managed by Alex Jones. FSS admits that Alex Jones hosts *The Alex Jones Show*.  FSS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 49 and therefore denies them.

50.　FSS admits that *The Alex Jones Show* is syndicated to over 100 radio stations nationwide, and is published on Youtube.com and FSS's website, infowars.com.  FSS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 50 and therefore denies them.

51.　FSS admits that it owns the infowars.com website.  FSS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 51 and therefore denies them.

52.　FSS admits that it sells a variety of products through its online store, infowarsstore.com, including dietary and nutritional supplements, toiletries, apparel, media, emergency survival foods, outdoor survival gear, gun holsters, water filters, and face masks, among other products.  FSS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 52 and therefore denies them.

53.　FSS admits that a banner at the top of infowarsstore.com displays the message "Thank you for supporting the infowar!"  FSS admits that its online store infowarsstore.com is a source of income.  FSS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 53 and therefore denies them.

54.　FSS admits that products available for purchase through its online store are advertised on *The Alex Jones Show*.  FSS denies that such advertisements comprise a majority or any significant portion of the show's airtime.  FSS lacks knowledge or information sufficient to form a belief about the truth of the

7

1    remaining allegations of paragraph 54 and therefore denies them.

2        55.    FSS admits that the poster was offered for sale and sold through its
3    online store, infowarsstore.com.   FSS admits that the poster features images of
4    U.S. President Donald Trump, social and political commentator Ann Coulter,
5    political   commentator   and   public   speaker   Milo   Yiannopoulos,   political
6    commentator and radio show host Alex Jones, political commentators and social
7    media   personalities   Lynnette   Hardaway   and   Rochelle   Richardson   (popularly
8    known as "Diamond and Silk"), political commentator and YouTube personality
9    Paul Joseph Watson, Counselor to the President, President Trump's campaign
10   manager, and political consultant and commentator Kellyanne Conway, campaign
11   advisor,   political   consultant,   lobbyist,   and   strategist   Roger   Stone,   political
12   commentator and creator of the Drudge Report Matt Drudge, a likeness of Pepe the
13   Frog, and patriotic imagery including the flag of the United States and the United
14   States Capitol.   FSS admits that the poster includes the text "MAGA."   FSS admits
15   that "MAGA" is short for the Trump campaign slogan, "Make America Great
16   Again."   FSS denies that it continues to sell the poster.   FSS lacks knowledge or
17   information sufficient to form a belief about the truth of the remaining allegations
18   of paragraph 55 and therefore denies them.

19       56.    FSS admits that Plaintiff filed his original complaint on March 5,
20   2018.   FSS admits that the poster was offered for $17.76, and admits that the
21   description for the poster included the language: "Help support Infowars in the
22   fight for free speech, AND get a high quality limited edition MAGA poster at
23   InfowarsStore.com."   FSS lacks knowledge or information sufficient to form a
24   belief about the truth of the remaining allegations of paragraph 56 and therefore
25   denies them.

26       57.    FSS admits that the Second Amended Complaint purports to show
27   that more than one reviewer noted Pepe's presence in the poster.   FSS lacks
28   knowledge   or   information   sufficient   to   form   a   belief   about   the   truth   of   the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

8

remaining allegations of paragraph 57 and therefore denies them.

58.    FSS admits that videos entitled "Alex Jones Official Statement On Pepe The Frog Lawsuit" and "Pepe The Frog Creator Tries To Take On Alex Jones" were published on Youtube.com on March 6, 2018.  FSS admits that the videos include commentary on this action.  FSS otherwise denies the remaining allegations in paragraph 58.

59.    FSS admits that a video entitled "Pepe The Frog Creator Tries To Take On Alex Jones" was published on Youtube.com on March 6, 2018.  FSS admits that the video includes a statement that is at least similar to the quoted language in paragraph 59.  FSS otherwise denies the remaining allegations in paragraph 59.

60.    FSS admits that the price of the poster was $29.95 on or around March 6, 2018, and that the product's description included the language:

> A powerful poster to put in any room in your home, this is the perfect 2016 election memorabilia. Now, you can remind yourself everyday about your victory over the globalists! Featuring powerful custom imagery . . . the painting truly frames the power of the American people in the election over the establishment!
> The establishment wants this taken down. Instead, celebrate the historic victory and frame this conversation starter in your home! We're running out, and we won't be able to print any more after they're done. Make sure you get this limited edition, artfully crafted celebration of the heroes of the 2016 anti-establishment revolution today! Make sure you get this limited edition, artfully crafted celebration of the heroes of the 2016 anti-establishment revolution today!

FSS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 60 and therefore denies them.

## COUNT ONE

### Copyright Infringement

61.    FSS repeats and re-states its answers to paragraphs 1-60 as if fully set

9

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

1  forth herein.

2      62.   FSS admits that the Second Amended Complaint purports to attach
3  copies of copyright registrations and applications as exhibits.  FSS denies the
4  remaining allegations of paragraph 62.

5      63.   FSS denies the allegations of paragraph 63.

6      64.   FSS denies the allegations of paragraph 64.

7      65.   FSS denies the allegations of paragraph 65.

8      66.   FSS denies the allegations of paragraph 66.

9                              **DAMAGES**

10      67.   FSS denies the allegations of paragraph 67.

11                             **INJUNCTION**

12      68.   FSS denies the allegations of paragraph 68.

13      69.   FSS denies the allegations of paragraph 69.

14                        **PRAYER FOR RELIEF**

15      a.    FSS denies that Plaintiff is entitled to any relief, including monetary
16  damages claimed in section 'a' of his prayer for relief.

17      b.    FSS denies that Plaintiff is entitled to the injunctive relief claimed in
18  section 'b' of his prayer for relief.

19      c.    FSS denies that Plaintiff is entitled to any other relief, including costs
20  claimed in section 'c' of his prayer for relief.

21                       **DEMAND FOR JURY TRIAL**

22      Plaintiff's demand that all issues be determined by a jury trial does not state
23  any allegation and FSS is not required to respond.  To the extent any allegations
24  are included in the demand, FSS denies those allegations.

25                       **AFFIRMATIVE DEFENSES**

26      Without admitting or acknowledging that it bears the burden of proof as to
27  any of the following affirmative defenses and based upon information and belief to
28  date, FSS asserts the following affirmative defenses and reserves the right to

amend its answer as additional information becomes available:

## FIRST AFFIRMATIVE DEFENSE

### (Fair Use)

1.     Plaintiff's claims are barred by the doctrine of fair use pursuant to 17 U.S.C. § 107.  The purpose and character of Pepe's use in the poster is highly "transformative," more than satisfying the first non-exclusive "fair use" factor. The poster's use transforms Pepe's original expression into one with new expression, aesthetic, or meaning.  The commentary is upon the history of the United States, and its cultural tradition of choosing leaders through elections.  This tradition is represented by the United States flag and U.S. Capitol Building.  The use of Pepe's head is a commentary upon the significant impact of using a meme that contributed to the highly improbable election of Donald Trump.  Graphical historical commentary has a longstanding Western tradition, ranging from the Bayeux Tapestry, to using thumbnails of Grateful Dead posters to chart the band's cultural history.  "Meming" is transformative, as it comments upon key insights using graphics, an increasingly preferred means of communication, as readers move away from text. Love him or hate him, the transformed Pepe was a historical factor in the election.  The poster graphically answers the question, "who caused the election of a TV-personality with a 12% chance of winning?"

2.     The transformative commentary also conjures up at least in part parodic elements of the original Pepe.  The original Pepe is innocent, carefree, and does whatever "feels good, man," irrespective of its effect upon others.  Using these characteristics as raw materials, the transformed Pepe becomes knowing, cares that the status quo was not good, still supports Trump because it "feels good, man," and does not care what others think.  The right-of-center commentators shown are also unapologetic for their views and advocacy, as was the candidate himself.  By including Pepe, the poster comments on the nature of the character,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

and how it compares with the attributes of the individuals on the poster, including Donald Trump.  All characters are depicted as they are, not celebratory or smug.

3.    This transformative commentary is striking by the subtle and incongruous background placement of Pepe's anthropomorphic frog image juxtaposed with humans and American iconography.  While some may find the posing of a frog alongside humans, and the retaining of a key attribute of the original Pepe, "[my support of Trump] feels good, man," to be amusing, a commentary need not be amusing to qualify as a parody.  Pepe's transformed use is an implicit rebuke to post-moderns placing subjective feelings as the highest value in selecting a candidate.

4.    Plaintiff pleads that Pepe was used in the election by the candidate's family himself.  The poster was created after the election and, rather than exploiting Pepe, it included just enough of the character to enable commentary on it.  The poster uses only an altered version of Pepe's face, because the character's face most readily conjures up the original.  Furthermore, Pepe's face is given a new coloring and shading to add to the new aesthetic, meaning, and message the character is being infused with in the poster.  The new coloring and shading is shared with the individuals on the poster, as part of an overall theme tying them together.  By unifying the individuals through common coloring and shading, the poster furthers the message of commonality between Pepe and the others.  Additionally, the materiality of the use to the overall poster is limited, as Pepe is not the primary focus of the poster—Donald Trump is.  Pepe does not dominate the poster, is not in the center, and is a small overall portion.  Finally, the amount and substantiality used of the original is less important owing to the widespread use of Pepe elsewhere, as Plaintiff repeatedly pleads.

5.    The poster does not substitute for Plaintiff's alleged works, such as *Boys Club* comics.   The purpose of the character's use is distinct from any of the alleged works put forth by Plaintiff, and Plaintiff's pleading strongly implies that

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

he would not have licensed Pepe's use to the poster's creator.  As "moral rights" in the United States do not extend to graphic images, Plaintiff has not suffered a cognizable harm under copyright law simply because he does not like certain individuals included on the poster or disagrees with the poster's message.  As transformative commentary providing new information, new aesthetics, new insights and understandings, with some parodic elements borrowed from the original Pepe character, the poster is the very type of use that the "fair use" doctrine intends to protect for the enrichment of society.

## SECOND AFFIRMATIVE DEFENSE

### (Abandonment or Forfeiture)

6.      Before the alleged infringement commenced, Plaintiff abandoned or forfeited at least some, if not all, copyrights he may have had in and to Pepe the Frog through one or more overt acts, including, without limitation, making public statements in interviews with one or more publications, which independently or collectively constitute one or more overt acts indicative of a purpose to surrender his rights in and to Pepe the Frog and to allow the public to copy Pepe the Frog.

7.      For example, in an August 2010 interview with the online publication KnowYourMeme.com, Plaintiff was asked: "How about the people that actually crop out Pepe's face and use it, how do you feel about people remixing your work?"[1]  Plaintiff responded: "I don't really mind.  . . .  I was like it doesn't look the greatest but I don't care."

8.      Further, in a July 2015 interview with the online publication Vice.com, Plaintiff was asked: "You don't feel weird about [Pepe the Frog] being completely removed from its original context in your comics?"[2]  Plaintiff responded: "I don't really see it as being something that's negative.  . . .  I don't really care."

---

[1] "Q&A with Matt Furie," http://knowyourmeme.com/blog/interviews/qa-with-matt-furie.
[2] "The Creator of Pepe the Frog Talks About Making Comics in the Post-Meme World," https://www.vice.com/en_us/article/avy3aj/feels-good-man-728.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

9.     In yet another published interview, this time with New York Magazine's online publication *Select/All*, Plaintiff stated: "I've realized that Pepe is beyond my control. . . .  He's like a kid, he grew up and now I have to set him free to live his life.  It's all good."[3]  Plaintiff went on to state: "I just sit back, relax and let the Pepes fall where they land[.]"[4]

10.     Further, Plaintiff acquiesced with full knowledge to the publication of a vast number of copies of the allegedly infringed work without copyright notice.

11.     Accordingly, Plaintiff's claims are barred or unenforceable based on the doctrine of copyright abandonment or forfeiture.

## THIRD AFFIRMATIVE DEFENSE

### (Innocent Infringement)

12.     Prior to the filing of the Original Complaint on March 5, 2018, FSS was not aware that its acts constituted alleged infringement of Plaintiff's alleged copyright and FSS had no reason to believe that its acts constituted alleged infringement of Plaintiff's alleged copyright.

## FOURTH AFFIRMATIVE DEFENSE

### (Unavailability of Statutory Damages and Attorney's Fees)

13.     Plaintiff is barred by 17 U.S.C. § 412 from claiming statutory damages or attorney's fees under the Copyright Act in that any alleged acts of infringement occurred before first registration of the Plaintiff's alleged work.

## FIFTH AFFIRMATIVE DEFENSE

### (Invalid Certificate of Registration)

14.     Plaintiff's claims are barred to the extent that they rely on U.S. Copyright Registration No. VA0002074461, purportedly covering the work entitled "Pepe in Blue Shirt," because it does not satisfy the requirements of 17 U.S.C. § 411.  The certificate of registration contains inaccurate information that

---

[3] "What Happens When Hillary Clinton Calls Your Cartoon Frog Racist," http://nymag.com/selectall/2016/09/pepe-the-frogs-creator-matt-furie-discusses-trump-memes.html.
[4] *Id.*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

was included on the application for copyright registration with the knowledge that it was inaccurate.  This inaccuracy, if known, would have caused the Register of Copyrights to refuse registration.

15.     Plaintiff's application for copyright registration, submitted on or about September 1, 2017, stated that Plaintiff is the author of the work.  However, Plaintiff admitted during an interview with Vice.com in 2015 that he was not the author of "Pepe in Blue Shirt."[5]   Plaintiff's admission demonstrates that the application for copyright registration was made with Plaintiff's knowledge of the inaccuracy in authorship.   The Register of Copyrights would have refused registration if it had known of the inaccuracy in the authorship.

## SIXTH AFFIRMATIVE DEFENSE

### (*De Minimis* Use)

16.     Plaintiff alleges infringement of "Plaintiff's copyright interests" without qualification in paragraph 65, after pleading in paragraph 62 that the underlying basis of the claim is allegedly copyrighted books, rather than copyright interests exclusively in the character and image of Pepe the Frog, and FSS's alleged use in comparison to entire books was *de minimis*.

## DEFENSES

17.     Without admitting or acknowledging that it bears the burden of proof as to any of the following defenses and based upon information and belief to date, FSS asserts the following defenses and reserves the right to amend its answer as additional information becomes available:

## FIRST DEFENSE

### (Improper Venue)

18.     Venue is improper in this Court.

---

[5] "But there are two things I don't like about [Pepe being removed from its original context in the comics]. . . . Two, he's got, randomly, a blue shirt and brown lips, and that's his accepted outfit now.  Those are the two things that kind of piss me off about it. Other than that, I don't really care."  The Creator of Pepe the Frog Talks About Making Comics in the Post-Meme World, https://www.vice.com/en_us/article/avy3aj/feels-good-man-728.

1

## JURY DEMAND

2       In accordance with Rule 38 of the Federal Rules of Civil Procedure and this

3  Court's Local Rules, FSS respectfully demands a jury trial of all issues triable to a

4  jury in this action.

5

## PRAYER FOR RELIEF

6       WHEREFORE, Defendant Free Speech Systems, LLC respectfully requests

7  that this Court enter and order:

8    a.  Dismissing Plaintiff's Second Amended Complaint with prejudice;

9    b.  Finding that Plaintiff shall take no relief from his complaint herein;

10   c.  Awarding FSS's costs and attorneys' fees herein incurred; and

11   d.  Granting FSS such further and other relief the Court deems fair and just.

12  Dated:  July 12, 2018         Respectfully submitted,

13

14                        BAKER & HOSTETLER LLP

15

16                    By:   */s/ R. Scott Feldmann*
                           R. Scott Feldmann

17

18                    Attorneys for Defendants
                    INFOWARS, LLC and
                    FREE SPEECH SYSTEMS, LLC

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Lisa Uyesugi, declare:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 600 Anton Blvd., Suite 900, Costa Mesa, California 92626-7221, in said County and State.  On July 12, 2018, I served the following:

**FREE SPEECH SYSTEMS, LLC'S ANSWERS, AFFIRMATIVE DEFENSES AND DEFENSES TO MATT FURIE'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

☐    **BY MAIL:**  I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    **BY NOTICE OF ELECTRONIC FILING:**  Counsel who have consented to electronic service have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document(s) was(were) filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

| | |
|---|---|
| Donald R Steinberg, Esq.<br>Louis W. Tompros, Esq.<br>Stephanie Lin, Esq.<br>WILMER CUTLER PICKERING<br>HALE & DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Tel.: (617) 526-6453<br>Fax: (617) 526-5000<br>Email: don.steinberg@wilmerhale.com<br>       stephanie.lin@wilmerhale.com | Counsel for Plaintiff<br>MATT FURIE |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

17

| Rebecca A Girolamo, Esq.<br>Louis W Tompros, Esq.<br>WILMER CUTLER PICKERING HALL & DORR LLP<br>350 South Grand Avenue, Suite 2100<br>Los Angeles, CA 90071<br>Tel.: (213) 443-5300<br>Fax: (213) 443-5400<br>Email: rebecca.girolamo@wilmerhale.com<br>            louis.tompros@wilmerhale.com | Counsel for Plaintiff<br>MATT FURIE |
|---|---|
| Alberto Interian, III, Esq.<br>(Pro Hac Vice Ordered)<br>LIPSCOMB & PARTNERS, PLLC<br>25 SE 2nd Avenue, 8th Floor<br>Miami, FL  33131-1506<br>Tel.:   (786) 431-2228<br>Fax:   (786) 431-2229<br>E-mail: ai@lipscombpartners.com | Co-Counsel for Defendants<br>INFOWARS, LLC and<br>FREE SPEECH SYSTEMS, LLC |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Executed on July 12, 2018, at Costa Mesa, California.

*/s/ Lisa Uyesugi*
Lisa Uyesugi

BAKER & HOSTETLER LLP<br>ATTORNEYS AT LAW<br>COSTA MESA