1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9           **CENTRAL DISTRICT OF CALIFORNIA**
10                **WESTERN DIVISION**
11

| | |
|---|---|
| MATT FURIE, | Case No.: 2:18-cv-01830-MWF(JPR) |
| Plaintiff, | **JOINT RULE 26(F) REPORT** |
| v. | Hon. Michael W. Fitzgerald |
| INFOWARS, LLC; FREE SPEECH SYSTEMS, LLC, | Date:      September 17, 2018<br>Time:      11:00 AM<br>Courtroom:  5A |
| Defendants. | Case Filed: March 05, 2018<br>Trial Date: Not Yet Set |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Rule 26(f), Local Rule 26-1, and this Court's Order Setting Scheduling Conference of July 25, 2018 (Docket No. 52), Plaintiff Matt Furie and Defendants Infowars, LLC and Free Speech Systems, LLC (collectively, "Defendants"), through their respective counsel, submit this Joint Rule 26(f) Report.  Counsel have conferred pursuant to Rule 26(f).

A. **Statement of the Case**

**Plaintiff's Statement**

This is an action for copyright infringement to end the misappropriation of Pepe the Frog by Defendants, including the sale of a poster through their website infowarsstore.com that depicts Pepe the Frog (the "MAGA poster").  Plaintiff Matt Furie is the sole and exclusive owner of the copyright of the image and character of Pepe the Frog ("Pepe"), including works registered with the Copyright Office. Defendants have knowingly and intentionally sold copies of Pepe images.  Plaintiff seeks a finding of copyright infringement, an injunction against further misappropriation of Pepe, and damages.

Furie created the Pepe the Frog character in the early 2000s.  Pepe is a "peaceful frog-dude," and Pepe has featured prominently in internet memes. Beginning in 2015, various fringe groups connected with the alt-right attempted to coopt Pepe by mixing images of Pepe with images of hate, including white supremacist language and symbols, Nazi symbols, and other offensive imagery. The association of Pepe with the alt-right and images of hate has harmed Furie's ability to use Pepe himself, including for licensing opportunities.

Defendants are managed by Alex Jones, host of *The Alex Jones Show*, who has been described as "America's leading conspiracy theorist," and a member of "an anti-government far right that blames the world's ills on a grand global conspiracy."  Defendants and others have misused Furie's Pepe character and copied Pepe images for use in products sold online to promote messages of hate.

-1-

Specifically, Defendants sell a poster that contains a copy of Pepe the Frog, featured alongside an image of Alex Jones himself (along with President Donald Trump, Milo Yiannopoulos, and Ann Coulter, among other figures, with the text "MAGA"—short for the Trump campaign slogan, "Make America Great Again"— printed on the bottom).  Furie did not authorize the use of the Pepe image or character in the poster, and he does not approve of the association of Pepe with Alex Jones, the other figures shown in the poster, or with the "MAGA" slogan.

### Defendant's Statement

This action for alleged copyright infringement turns upon whether there was fair use of a cartoon character, Pepe.  Pepe was included in a poster formerly sold by Defendant Free Speech Systems, LLC.  Pepe's inclusion was fair use as both a nominative use and parody.  The poster uses only Pepe's head, which is necessary to enable commentary and which is less than two (2%) percent of the poster.

Pepe's use was an amusing parody.  The poster comments on the surprising results of the Presidential 2016 election.  It comments upon the use of Pepe as a meme and why, and its electoral impact.  It depicts prominent individuals that played a role in the election of Donald Trump.  Pepe's juxtaposition with actual people—including the President—is humorous on its face, but the poster is not itself a "meme."  That a laid-back cartoon frog helped elect our President is also humorous commentary.  Plaintiff may not like the outcome of the election or Defendants, but he cannot chill commentary that is at the core of fair use.

Previously, Pepe was widely copied for years as a meme.  For hundreds of years, political commentary has been expressed through images.  Through repetition and dissemination, images become memes.

The poster implicitly comments upon Pepe's "feels good man" attitude used as a meme to communicate support of Trump in the face of establishment disapproval.  Pepe's confident expression of self without concern for the approval

of others drove his adoption as a meme.  The poster further transforms the character by tying him into the gallery of individuals depicted through shading, coloring, and positioning.

Plaintiff attacks Defendants, implying that the poster contains Nazi and white supremacist imagery.  It does not.  Plaintiff misleadingly points to others' uses of Pepe to imply that Defendants support such views.  Plaintiff's attack tries to distract from the core issue of fair use.

**B. <u>Subject Matter Jurisdiction</u>**

This action arises under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*. ("Copyright Act").  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**C. <u>Legal Issues</u>**

1. Plaintiff

The primary legal issues to be decided in this case are whether Defendants' use of Pepe the Frog constitutes copyright infringement, and whether Defendants should be permanently enjoined from infringing Furie's copyrights, as provided for in 17 U.S.C. § 502.  Additionally, this case concerns whether Defendants' acts constitute willful infringement of Plaintiff's copyrighted work in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*, and what damages Plaintiff is entitled to recover from Defendants.

2. Defendant

The primary legal issue is whether the use of Pepe in the allegedly infringing posters was a "fair use" under 17 U.S.C. § 107.  Also, whether Plaintiff can maintain suit upon a copyright registration that was obtained by making material misrepresentations to the Copyright Office, and whether a referral to the Register of Copyrights under 17 U.S.C. § 411(b)(2) is necessary.  Additionally, whether Plaintiff can establish any actual damages from the use of Pepe in the poster.

Further, this case concerns whether Plaintiff can recover willful infringement damages, despite the unavailability of statutory damages due to late registration. Finally, whether Plaintiff may offer evidence that unrelated and prior copying by others is casually related to Defendants' alleged copying, when a tacit trademark tarnishment complaint about "association" between Pepe and the MAGA poster is preempted by *Dastar v. Twentieth Century-Fox*, 539 U.S. 23 (2003).

**D.** **Parties and Evidence**

**Parties**

1. Plaintiff Matt Furie is an artist residing in San Luis Obispo County, California.

2. Defendant Infowars is a limited-liability company organized and existing under the laws of Texas.

3. Defendant Free Speech Systems is a limited-liability company organized and existing under the laws of Texas.

**Percipient Witnesses**

**Plaintiff's Witnesses**

1. Matt Furie

2. Alex Jones

3. Dr. David Jones

4. Kelly Jones

**Defendants' Witnesses**

1. Tim Fruge

2. Jon Allen

3. Matt Furie

4. Records custodians from websites used to share and comment on images, such as Tumblr, imgur, and Reddit

**Key Documents**

1. Copyright Registrations: VA0002073601; VA0002073597; VA0002073600; VA0002073603; VA0002073598; VA0002074461

2. Copyright Applications: 1-5772648437; 1-5772648492

3. The MAGA poster

4. Documents showing profits made from sales of the MAGA poster

5. https://www.infowarsstore.com/maga-poster-16-x-24.html, from date of first publication to March 5, 2018

6. https://www.infowarsstore.com/maga-poster-16-x-24.html, as of March 6, 2018

7. "Alex Jones Responds to Fraudulent Pepe the Frog Lawsuit" video

8. "Pepe The Frog Creator Tries To Take On Alex  Jones" video Interviews with Furie, including:

   https://www.vice.com/en_us/article/avy3aj/feels-good-man-728

   http://nymag.com/selectall/2016/09/pepe-the-frogs-creator-matt-furie-discusses-trump-memes.html

   https://www.cbc.ca/news/world/pepe-creator-matt-furie-1.3784744

9. Records from websites used to share and comment on images, such as Tumblr, imgur, and Reddit.

**E. Damages**

In addition to a permanent injunction, Plaintiff contends he is entitled to at least the total profits on the MAGA poster, in an amount to be proven at trial. Plaintiff also seeks any and all such other relief as the Court deems just and proper, including all applicable costs.

Defendants contend they cannot be held liable under Count I.  Defendants further dispute that Plaintiff is entitled to actual damages or statutory damages.

-5-

Defendants further dispute the allegations of willful infringement.  Even if Plaintiff were to establish liability, any damages based on Defendants' allegedly wrongful profits would be *de minimis*.  Plaintiff will not be able to demonstrate more than a negligible amount, if any, of the revenue attributable to the use of Pepe the Frog. Defendants contend that monetary damages would be sufficient for any alleged injury.  Defendants further contend that Defendant Free Speech System, LLC was solely responsible for the sale of the allegedly infringing poster; Infowars did not sell the allegedly infringing poster or collect any revenue from its sale.

**F.  Insurance**

Defendants are unaware of any insurance coverage applicable to this case.

**G.  Motions**

Plaintiff does not anticipate filing any motions to add other parties or claims, file amended pleadings, or transfer venue.  Plaintiff may file a motion to strike, and/or a motion for judgment on the pleadings, on one or more of Defendants' affirmative defenses.

Defendants do not anticipate filing any motions to add other parties or file amended pleadings.  Defendants think it is likely that a motion for summary judgment, at least on Defendants' affirmative defense of fair use and Defendant Infowars' non-infringement, will be filed.  Defendants may also file a motion seeking a referral to the Registrar of Copyrights under 17 U.S.C. § 411(b)(2). Defendants may file a motion for judgment on the pleadings on one or more of Defendants' affirmative defenses.

**H.  Manual for Complex Litigation**

The parties do not believe that it is necessary to use the procedures of the Manual For Complex Litigation in this case.

## I. **Status of Discovery**

The parties will serve initial disclosures within the time period prescribed by Rule 26(a).  Plaintiff has served the following discovery on Defendants:

- Plaintiff's First Set of Requests for Production of Documents to Defendants
- Plaintiff's First Set of Interrogatories to Defendants
- Notice of 30(B)(6) Deposition to Defendant FSS
- Notice of 30(B)(6) Deposition to Defendant Infowars
- Notice of 30(B)(1) Deposition to Alex Jones
- Notice of 30(B)(1) Deposition to David Jones
- Notice of 30(B)(1) Deposition to Kelly Jones

## J. **Discovery Plan**

### 1.  Initial Disclosures

The parties do not propose any modification to the timing, form or requirement for disclosures under Rule 26(a).  The parties' initial disclosures will be made before the Scheduling Conference on September 17, 2018.

### 2.  Subjects for Discovery

The parties do not believe there is need to conduct discovery in phases or to limit discovery to particular issues.

Plaintiff anticipates conducting discovery on the following subjects:  (1) Defendants' exploitation of Plaintiff's copyrights, including through the sale of the MAGA poster; (2) Defendants' relationship to infowars.com and infowarsstore.com; and (3) Defendants' sale, offers to sell, and promotion of the MAGA poster through content created by Alex Jones; (4) Defendants' willful acts of infringement, including raising the price of the MAGA poster after Plaintiff filed suit; (5) damages relating to the sale of products depicting Pepe the Frog, including the MAGA poster; (6) the appropriateness of injunctive relief; and (7)

1  the bases for Defendants' affirmative defenses, defenses, and statements in

2  Defendants' Answers.

3  　　　Defendants expect to take discovery upon: (1) Plaintiff's communications

4  with and representations to the Copyright Office; (2) Plaintiff's alleged authorship

5  of Plaintiff's purported copyrights; (3) the extent of copying of Pepe by third

6  parties prior to Defendants' alleged use, Plaintiff's knowledge of that copying, and

7  Plaintiff's authorization of or acquiescence to that copying; (4) the lack of any

8  economic impact upon Plaintiff by Defendants' alleged use; (5) the extent of

9  Pepe's copying and use by others as a meme prior to the Presidential election; (6)

10  the basis for Plaintiff's claim for damages and injunctive relief; and (7) the basis

11  for Plaintiff's claim and its statements in its Second Amended Complaint.

12  　　　　　3.　Disclosure, Discovery or Preservation of Electronically Stored

13  　　　　　　　Information

14  　　　The parties agree to take reasonable, good-faith steps to preserve potentially

15  relevant electronically stored information ("ESI"), as required under the Federal

16  Rules of Civil procedure.  The parties do not anticipate any unusual issues arising

17  regarding the discovery of production of electronically stored information at this

18  time.  To the extent that responsive documents exist in electronic format, the

19  parties are in general agreement that they should be produced with metadata intact

20  wherever possible.  The parties are conferring over a separate proposed order

21  governing the discovery of ESI for this case.

22  　　　　　4.　Issues Regarding Claims of Privilege

23  　　　The parties are not currently aware of any issues about claims of privilege.

24  The parties agree that communications with outside counsel and attorney work

25  product only need not be included on any privilege log, absent agreement of the

26  parties or a showing of good cause.  The parties are negotiating a separate

27

28

protective order that will govern other potential privilege issues that may arise in this litigation.

       5.  Changes to Limitations on Discovery by the Federal and Local Rules of Procedure

The parties stipulate that each side may serve no more than 30 interrogatories.  In all other respects, the parties agree that the discovery limits of the Federal Rules of Civil Procedure be observed with respect to all discovery and do not propose any changes to the limitations on discovery imposed by the federal and local rules of procedure except as otherwise provided herein.

       6.  Other Orders Under Rules 26(c), 16(b) or 16(c)

At this time, the parties agree that an order under Rule 26(c) is required. The parties intend to submit a Stipulated Protective Order for the Court's consideration.  The parties' proposed dates are included in the Schedule of Pretrial and Trial Dates Worksheet, attached hereto.

**K. <u>Discovery Cut-off</u>**

Plaintiff proposes December 20, 2018 for the close of fact discovery.

Defendants propose January 11, 2019 for the close of fact discovery.

**L. <u>Expert Discovery</u>**

The parties propose the following dates for expert discovery:

       Initial expert disclosures: January 18, 2019

       Rebuttal expert disclosures: February 15, 2019

       Expert discovery cutoff: March 8, 2019.

**M.  <u>Dispositive Motions</u>**

Plaintiff believes that the issue of whether Defendants infringed Plaintiff's copyright through sales of the MAGA poster may be determined at summary judgment.  One or more of defendants' affirmative defenses may be determined at summary judgment as well.

Defendants believe that whether the allegedly infringing sales of the poster were fair use, and thus not copyright infringement, may be determined at summary judgment.  Defendant Infowars' lack of infringement may also be determined at the summary judgment stage.

**N. <u>Settlement/Alternative Dispute Resolution (ADR)</u>**

The parties have engaged in informal settlement discussions and exchanged settlement proposals but have not been able to reach agreement.  Per Local Rule 16-15, and the Court's Schedule of Pretrial and Trial Dates Worksheet, attached hereto, the parties request an ADR proceeding before the magistrate judge assigned to this case.

**O. <u>Trial Estimate</u>**

The parties estimate a three-day jury trial.  The parties anticipate calling no more than five witnesses each.

**P. <u>Trial Counsel</u>**

The case will be tried by Louis Tompros, Rebecca Girolamo, Stephanie Lin, and William Kinder on behalf of Plaintiff.

The case will be tried by Scott Feldmann and James Hatten of Baker Hostetler LLP on behalf of Defendants.

**Q. <u>Independent Expert or Master</u>**

The parties do not believe that it is necessary to assign an independent expert or master for this case.

**R. <u>Timetable</u>**

The parties' positions on the case schedule are included in the Schedule of Pretrial and Trial Dates form attached hereto.

**S. <u>Other Issues</u>**

At this time, the parties do not believe there are other issues affecting the status or management of the case.

Dated:  August 27, 2018

WILMER CUTLER PICKERING HALE AND
   DORR LLP


By: */s/ William C. Kinder*
       Rebecca Girolamo
       Louis Tompros (*pro hac vice*)
       Donald R. Steinberg (*pro hac vice*)
       Stephanie Lin (*pro hac vice*)
       William C. Kinder (*pro hac vice*)

*Attorneys for Plaintiff*
MATT FURIE

Dated:  August 27, 2018      BAKER & HOSTETLER LLP


By:    */s/ R. Scott Feldmann*
       R. Scott Feldmann
       James Hatten (*pro hac vice*)

*Attorneys for Defendants*
INFOWARS, LLC and
FREE SPEECH SYSTEMS, LLC

-11-