REBECCA GIROLAMO (SBN 293422)
(becky.girolamo@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 S. Grand Ave., Suite 2100
Los Angeles, CA 90071
Telephone: +213 443 5300
Facsimile: +213 443 5400

LOUIS W. TOMPROS (*pro hac vice*)
(louis.tompros@wilmerhale.com)
STEPHANIE LIN (*pro hac vice*)
(stephanie.lin@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: +1 617 526 6000
Facsimile: +1 617 526 5000

WILLIAM C. KINDER (*pro hac vice*)
(will.kinder@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
New York, NY 10007
Telephone: +1 212 230 8800
Facsimile: +1 212 230 8888

*Attorneys for Plaintiff Matt Furie*

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MATT FURIE,

Plaintiff,

vs.

INFOWARS, LLC; FREE SPEECH SYSTEMS, LLC,

Defendants.

2:18-cv-01830-MWF-JPR

**PLAINTIFF MATT FURIE'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER**

Date: February 11, 2019
Time: 10:00 a.m.
Hon. Michael W. Fitzgerald
Case Filed: March 5, 2018
Trial Date: July 16, 2019

**I. INTRODUCTION**

Plaintiff Matt Furie ("Plaintiff") hereby submits his opposition to Defendant Infowars, LLC and Defendant Free Speech Systems, LLC's ("Defendants") Motion to Modify the Scheduling Order. Doc. 71.

Plaintiff filed this lawsuit on March 5, 2018, seeking to enforce his copyrights in Pepe the Frog and bring about swift redress for Defendants' wrongful and infringing sale of the MAGA Poster. Doc. 1 at 1-2. But from the outset of this case, Defendants have repeatedly attempted to delay resolution of this dispute. Now, in a rushed motion filed without conferring with Plaintiff, and on the last available date to have the issue heard by the Court, Defendants seek to extend fact discovery. Defendants assert that they need six more months—an extension longer than the entire fact discovery period they initially proposed—because of purported logistical difficulties in arranging a deposition in Argentina, as well as alleged deficiencies in Plaintiff's discovery responses. But Defendants fail to explain how the evidence they now seek could not have been obtained within the existing case schedule, or how it is relevant. Defendants' request for an extension thus appears to be a last-ditch attempt to make up for their own lack of diligence in pursuing discovery. Indeed, ***Defendants still have yet to serve a single deposition notice or subpoena***.

The Court should deny Defendants' motion for three reasons. ***First***, Defendants failed to comply with this Court's Local Rules requiring that a moving party make a good-faith effort to meet and confer with opposing counsel before filing a motion. ***Second***, Defendants have failed to diligently pursue discovery and so there is no good cause to extend fact discovery. ***Third***, there are no ripe disputes regarding Plaintiff's discovery responses requiring this Court's intervention.

## II. FACTUAL BACKGROUND

Defendants filed their Answers to Plaintiff's Second Amended Complaint on July 12, 2018. Docs. 48-49. Following the parties' Rule 26 conference on August 23, 2018, the parties filed their Joint Rule 26(f) Report, in which Defendants agreed to a trial date of July 16, 2019. *See* Doc. 55-1. Defendants further requested a fact discovery cut-off date of January 11, 2019. *Id.* On August 30, 2018, three days after the parties submitted their Joint Rule 26(f) report, Defendants' current counsel entered appearances. Docs. 56-57. On September 12, 2018, this Court entered the Scheduling Order, adopting the agreed-upon trial date of July 16, 2019, and a fact discovery cut-off date of February 22, 2019. Doc. 64.

### A. Plaintiff Diligently Pursues Discovery

In the nearly five months since fact discovery began, Plaintiff has actively pursued his case. Immediately following the parties' Rule 26(f) conference on August 23, 2018, Plaintiff served Defendants with document requests, interrogatories, and deposition notices. *See* Kinder Decl. ¶ 3, Ex. A. Unable to complete their responses before the deadline of September 24, 2018, Defendants requested two extensions—requests Plaintiff allowed. *Id.*, Exs. B, C. Plaintiff also produced over 300 pages of documents on September 17, 2018. *Id.* ¶ 20, Ex. Q.

Promptly after receiving Defendants' initial discovery responses on October 9, 2018, Plaintiff identified deficiencies and requested that Defendants supplement their document productions. *Id.* ¶ 6, Ex. D. Plaintiff received Defendants' first supplemental responses to Plaintiff's document requests on November 2, 2018. *Id.* ¶ 7, Ex. E. But Defendants acknowledged that the supplemental responses remained incomplete, indicating that Defendants intended "to provide further supplementation." *Id.* On November 27, 2018, Plaintiff again sent a letter to Defendants regarding their continued deficiencies. *Id.* ¶ 8, Ex. F. Prompted by

Plaintiff's diligent efforts to obtain the discovery necessary for its case, Defendants supplemented their document production a second time and provided Plaintiff with supplemental interrogatory responses on December 10, 2018. *Id.* ¶ 9, Ex. G.

Plaintiff has also diligently pursued depositions of Defendants' key witnesses, having completed depositions of third-party artist Jon Allen and Defendants' 30(b)(6) designees: Dr. David Jones and Alex Jones. *Id.* ¶¶ 23-25.

Plaintiff will be ready to proceed to trial as scheduled.

**B. Defendants Take No Action**

Defendants, in contrast, have done next to nothing to obtain discovery in support of their case. Defendants' counsel initially sought Plaintiff's agreement to stay all discovery so that Defendants could file a motion for summary judgment on fair use, which they believed would end the case. *Id.* ¶ 10, Ex. H. Plaintiff opposed the request (Ex. D at 1), and Defendants never filed the motion.

It was not until fact discovery had been open for over two months that Defendants took any formal action at all. On October 25, 2018, Defendants indicated for the first time that they would seek to add a "lack of copyright" defense. *Id.* ¶ 11, Ex. I. The defense alleges that Pepe the Frog is an unauthorized derivative work of an Argentine children's character named "El Sapo Pepe." Doc. 67 at 3. Defendants filed their motion for leave to file an amended answer on November 1, 2018. Doc. 67-1 at 10. Plaintiff did not oppose the motion.

On December 13, 2018—***nearly four months after fact discovery opened*** and over three months after Defendants' counsel entered appearances—Defendants served their first written discovery requests. Kinder Decl. ¶ 12, Ex. J. Then, on January 9, 2019, Defendants indicated for the first time that they intended to depose both Plaintiff and the alleged creator of "El Sapo Pepe" in Argentina, Ms. Analia Garcia. *Id.* ¶ 13, Ex. K. Defendants further requested—again for the first

time—a six-month extension of fact discovery so that they could coordinate the deposition in Argentina in accordance with the Hague Convention. *Id.* Defendants' request did not indicate that Defendants were contemplating filing a motion to extend the fact discovery deadline. *Id.*

Plaintiff—having granted numerous discovery extensions already—indicated that he would not consent to a six-month extension. *Id.* Plaintiff stated his position that Defendants had had ample time to prepare their case under the existing fact discovery deadline. *Id.* But Plaintiff also made clear he was willing to agree to a reasonable extension of one week to accommodate his deposition. *Id.*

To date, Defendants have not served a single deposition notice or subpoena. *Id*. ¶ 12.

### C. Defendants File This Motion Without Thoroughly Consulting Plaintiff

On January 14, 2019, Plaintiff served his responses to Defendants' discovery requests. *Id.* ¶ 14, Ex. L. Plaintiff required no extension of the Federal Rules' 30-day deadline to provide his responses. *Id.* ¶ 14. ***Less than three hours*** after Plaintiff served his responses, Defendants' filed this motion, citing difficulties in arranging Ms. Garcia's deposition and purported deficiencies in Plaintiff's discovery responses as grounds for a six-month extension of fact discovery. *Id.* ¶¶ 14, 19, Ex. P. Defendants filed this motion despite these facts:

- Defendants did not inform Plaintiff that they would be filing a motion to extend fact discovery until an hour before the filing the motion. *Id.* ¶¶ 15-16, Ex. M.
- Defendants made no request to meet and confer regarding the alleged deficiencies in Plaintiff's discovery responses. *Id.*
- Defendants were aware that Plaintiff would be producing responsive documents the following day. *Id.*

- Defendants were aware that Plaintiff was willing to agree to a reasonable one-week extension to accommodate Plaintiff's deposition. *Id.*

Plaintiff produced documents responsive to Defendants' document requests the following day. *Id.* ¶ 17, Ex. N.

## III. ARGUMENT

### A. Defendants' Motion Should Be Denied For Failure to Comply With This Court's Local Rules

Defendants' have failed to comply with this Court's rule that a moving party make good-faith efforts to meet and confer with opposing counsel regarding a motion prior to filing. Defendants' motion should be denied for this reason alone.

L.R. 7-3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3. It further requires that the conference "shall take place at least seven (7) days prior to the filing of the motion." *Id.* The rule is no mere formality. "The meet-and-confer requirements of Local Rule 7-3 are in place for a reason, namely to conserve the resources of the parties and the Court by allowing for a possible informal resolution of an issue without court intervention, but also to enable the parties to brief the remaining disputes in a thoughtful, concise and useful manner." *Rivera v. Cty. of San Bernardino*, 2017 WL 6001689, at *1 (C.D. Cal. May 18, 2017) (internal quotations and alterations omitted); *see also Superbalife, Int'l v. Powerpay*, 2008 WL 4559752, at *2 (C.D. Cal. Oct. 7, 2008) ("[A]bsent any evidence that a party attempted to meet and confer in good faith, this Court is unwilling to excuse noncompliance with [Local Rule 7-3].").

Defendants failed to make the requisite good-faith effort to confer regarding their motion. Defendants did not alert Plaintiff to their request for a fact-discovery

extension until January 9, 2019, when they raised the issue in a single email. *See* Kinder Decl. ¶ 13, Ex. K. Although Defendants now characterize that email as a "conference of counsel pursuant to L.R. 7-3" (Doc. 71 at 3), the email did not state that Defendants were contemplating a motion to modify the scheduling order.[1] *See* Ex. K. In response, Plaintiff promptly stated that he would not agree to Defendants' six-month request but would allow a reasonable one-week extension to accommodate his deposition. *Id.*

Plaintiff heard nothing on the issue until January 14, 2019—five days later—when Defendants indicated for the first time that they intended to file a motion, and that they would do so ***that night***. Kinder Decl. ¶¶ 15-16, Ex. M. Defendants filed the motion just over an hour later without requesting a meet and confer, without identifying the issues the motion would address, and despite Plaintiff's suggestion that any purported dispute was not ripe for a motion. *Id.* ¶¶ 15-16, 19, Ex. M. Indeed, Plaintiff only became aware of Defendants' numerous contentions regarding Plaintiff's discovery responses ***from reading Defendants' motion***. *Id.* ¶ 16. Defendants' conduct does not constitute a good-faith attempt to meet and confer under Rule 7-3.[2] *Singer v. Live Nation Worldwide, Inc.*, 2012 WL

---

[1] Plaintiff therefore disagrees that Defendants' January 9 email constituted a Rule 7-3 conference. But even if it did, it is undisputed that the exchange happened only five days before Defendants filed their motion. This in itself is a violation of Local Rule 7-3, which expressly requires that pre-motion conferences "shall take place at least seven (7) days prior to the filing of the motion." L.R. 7-3.

[2] Alternatively, the Court should deny Defendants' motion under Local Rules 37-1 (requiring good-faith meet and confer prior to discovery motions) and 37-2 (requiring joint stipulation for discovery motions). Much of Defendants' motion concerns purported deficiencies in Plaintiff's discovery responses and is thus akin to a motion to compel, which is governed by Rule 37. *See Shinde v. Nithyananda Found.*, 2014 WL 12599215, at *2 (C.D. Cal. Oct. 1, 2014) (denying motion to compel for failure to comply with L.R. 37-1 and L.R. 37-2.).

123146, at *2 (C.D. Cal. Jan. 13, 2012) (denying motion for failure to comply with Local Rule 7-3 where purported conference was a "mailed and faxed letter" sent "a mere three days before the motion was filed").

### B. Defendants Have Not Demonstrated Good Cause For a Six-Month Extension of Fact Discovery

The primary basis for Defendants' requested relief is the purported difficulty in arranging Ms. Garcia's deposition in Argentina. Doc. 71-1 at 2-3. Defendants state that they have been diligent in their attempts to depose Ms. Garcia. *Id.* at 6. But the facts and Defendants' own papers belie that assertion.

A Rule 16(b) scheduling order "is not a frivolous piece of paper" which "can be cavalierly disregarded." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A Court may not modify a scheduling order unless there is good cause for the modification. Fed. R. Civ. P. 16(b) (4). "Good cause" exists only where the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. If the moving party "was not diligent, the inquiry should end." *Id.*

#### 1. *Defendants Have Not Been Diligent*

The facts are clear: Defendants have not been diligent in pursuing discovery. They waited nearly four months after fact discovery opened to serve their first discovery requests. Kinder Decl. ¶ 12, Ex. J. They waited until January 9, 2019 to indicate that they intended to take the depositions of Plaintiff and Ms. Garcia. *Id.* ¶ 13, Ex. K. But despite signaling their desire to proceed with those depositions, Defendants still have not served a single deposition notice or subpoena. *Id.* ¶ 12. Indeed, Defendants implicitly concede that they have not yet taken any formal action to obtain Ms. Garcia's testimony. Doc. 71-1 at 6 (Defendants "***may*** need to rely on the time-consuming process of the Hague Evidence Convention to secure

her testimony.”). Even the time-consuming nature of Hague Convention discovery does not warrant relief where, as here, Defendants have sat idly for months.[3] *See ESG Capital Partners LP v. Stratos*, 2014 WL 1830903, at *2 (C.D. Cal. May 8, 2014) (no diligence where party failed to serve “a single piece of discovery” for nearly five months).

The only evidence of Defendants’ purported diligence are their counsel’s conclusory assertions. *See, e.g.*, Doc. 71-1 at 6 (stating that Defendants “have been diligent in determining Ms. Garcia’s identity and attempting to schedule her voluntary deposition.”). Indeed, the Randazza Declaration fails to set forth a single fact explaining the timing, nature, or extent of Defendants’ efforts. Such conclusory statements are insufficient to establish diligence. *See Lindsay v. 1777 Westwood Ltd. P’ship*, 2018 WL 3807802, at 2 (C.D. Cal. August 8, 2018) (denying motion to amend scheduling order where party offered only “conclusory assertions” of diligence). Indeed, Defendants even acknowledge that their rushed filing was designed to obtain “the only available hearing date prior to the close of discovery.” Doc. 71-2 at 5. This further confirms Defendants’ lack of diligence. *See Mondares v. Kaiser Found. Hosp.*, 2011 WL 5374613, at *2 (S.D. Cal. Nov. 7, 2011) (“[F]lurry of deposition notices served essentially on the eve of the fact discovery cut-off” evidenced lack of diligence).

---

[3] Contrary to Defendants’ suggestion, their inaction cannot be blamed on a late-breaking theory of the case or the late addition of counsel. Defendants added the El Sapo Pepe defense over two months ago. Doc. 67-1 at 10. And Defendants’ current counsel entered appearances over four months ago and before the Scheduling Order was issued. Docs. 56-57. In any event, the mere addition of new counsel does not give rise to good cause to modify a scheduling order. *See Orogem Corp. v. De Beers Societe Anonyme*, 2010 WL 11549347, at *2 (C.D. Cal. Dec. 10, 2010) (no diligence despite late addition of new counsel).

**2. *Ms. Garcia's Testimony Is Not Necessary***

Nor have Defendants adequately explained why Ms. Garcia's deposition testimony is even necessary. Defendants again offer only a conclusory assertion that Ms. Garcia's testimony is "relevant." Doc. 71 at 2. But they provide no explanation of what testimony they hope to elicit from Ms. Garcia, why that testimony would be relevant, or why Plaintiff's deposition testimony is insufficient to support the El Sapo Pepe defense.

The El Sapo Pepe defense is premised on an assertion that Plaintiff copied Ms. Garcia's character. The assertion is baseless. But even taking it at face value, an Argentine cartoonist is unlikely to have any knowledge of Plaintiff's inspiration for Pepe the Frog.[4] Defendants' stated desire to depose Ms. Garcia thus does not give rise to good cause. *Banks v. Gail*, 2009 WL 2246377, at *4 (C.D. Cal. July 27, 2009) (no good cause to re-open discovery where moving party had "not set forth sufficient facts demonstrating that the [requested] deposition . . . would lead to the discovery of relevant evidence").

**C. There Are No Ripe Disputes Regarding Plaintiff's Discovery Responses**

Defendants assert that its proposed six-month extension is further warranted by Plaintiff's allegedly deficient discovery responses. Defendants devote the majority of their memorandum to this issue. Doc. 71-1 at 3-5, 6-7. But the sufficiency of Plaintiff's responses is not a ripe dispute.

***First***, Defendants' complaint that Plaintiff has failed to produce documents in this case is moot. Plaintiff first produced over 300 pages as early as September 2018. Kinder Decl. ¶ 20, Ex. Q. Plaintiff then produced another 137 pages of

[4] Indeed, even as Defendants were considering the addition of their El Sapo Pepe defense, they asserted that no additional discovery was needed "because the existing factual record is sufficient to dispose" of the case. Ex. I.

documents the day after Defendants filed this motion. *Id.* ¶ 17, Ex. N. And ***Defendants knew before they filed the motion*** that they would receive a document production the next day. Ex. M at 2. Defendants have since acknowledged that Plaintiff's production includes responsive documents. Kinder Decl. ¶ 21, Ex. R.

***Second***, Defendants' complaints about the sufficiency of Plaintiff's written responses are not ripe for court intervention. Defendants filed the motion just hours after Plaintiff served his responses and without attempting to meet and confer with Plaintiff. *Id.* ¶¶ 14-16, 19. Defendants then requested a meet and confer three days ***after*** filing this motion. *Id.* ¶ 21, Ex. R. Plaintiff maintains that his responses comply with his discovery obligations.[5] Nonetheless, as Plaintiff has stated to Defendants, Plaintiff is willing to meet and confer with Defendants to resolve any remaining disputes.[6] *Id.* ¶ 22, Ex. S. Thus, court intervention is not necessary. *Shinde*, 2014 WL 12599215, at *2 (motion not ripe adjudication where non-moving party indicated willingness to produce disputed documents).

Defendants' complaints about Plaintiffs' responses are a transparent attempt to gin up controversy to support their rushed motion. They should be rejected.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion to modify the scheduling order.

---

[5] For example, for the two interrogatory responses cited by Defendants as containing "inappropriate objections," Plaintiff did not refuse to answer and provided a substantive response. *See* Doc 71-6 at Response 6; 71-7 at Response 9.

[6] There is also no live dispute regarding the scheduling of Plaintiff's deposition. Contrary to Defendants' suggestion, Plaintiff did not offer "only one date." Plaintiff suggested a date merely in response to Mr. Randazza's question about Mr. Furie's availability. Kinder Decl., Ex. O. Mr. Randazza responded that he is "trying to make that date work." *Id.* Moreover, Defendants are aware that Plaintiff would agree to a one-week extension for his deposition. Ex. K.

Dated: January 18, 2019

Respectfully submitted,

By: /s/ *William C. Kinder*

**Wilmer Cutler Pickering Hale and Dorr LLP**
Rebecca Girolamo (SBN 293422)
350 S. Grand Ave. Suite 2100
Los Angeles, CA 90071
Tel.: (213) 443-5300
Fax: (213) 443-5400
Becky.girolamo@wilmerhale.com

Louis W. Tompros (*pro hac vice*)
Stephanie Lin (*pro hac vice*)
60 State Street
Boston, MA 02109
Tel.: (617) 526-6000
Fax: (617) 526-5000
louis.tompros@wilmerhale.com
stephanie.lin@wilmerhale.com

William C. Kinder (*pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel.: (212) 295-6509
Fax: (212) 230-8888
will.kinder@wilmerhale.com

*Attorneys for Plaintiff*
MATT FURIE