Marc J. Randazza, CA Bar No. 269535
Alex J. Shepard, CA Bar No. 295058
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Telephone: 702-420-2001
ecf@randazza.com

*Attorneys for Defendants,*
*Infowars, LLC and Free Speech Systems, LLC*

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT FURIE,<br><br>             Plaintiff,<br><br>      vs.<br><br>INFOWARS, LLC; FREE SPEECH SYSTEMS, LLC,<br><br>             Defendants. | Case No. 2:18-cv-01830-MWF-JPR<br><br>**REPLY IN SUPPORT OF DEFENDANTS INFOWARS, LLC AND FREE SPEECH SYSTEMS, LLC'S MOTION TO MODIFY SCHEDULING ORDER**<br><br>Date: February 11, 2019<br>Time: 10:00 a.m.<br>Hon. Michael W. Fitzgerald<br><br>Case Filed: March 5, 2018<br>Trial Date: July 16, 2019 |

Defendants Free Speech Systems, LLC ("FSS") and Infowars, LLC ("Infowars") hereby file their reply in support of their Motion to Modify Scheduling Order (Doc. No. 71).

**1.0 INTRODUCTION AND FACTUAL BACKGROUND**

Since filing the instant Motion, even more reasons to grant the requested extension of the discovery period have arisen. The day after Defendants filed the Motion, Plaintiff Matt Furie provided some documents responsive to Defendants' requests for production of documents, but this production was deficient. On January 17, 2019, Defendants sent a meet and confer letter under L.R. 37-1 laying out the deficiency of Mr. Furie's responses, particularly regarding the lack of any documents substantiating his alleged damages. (*See* Doc. No. 74-19.) Plaintiff Matt Furie took the position that he will forego any claim for actual damages, and instead will solely pursue disgorgement of FSS's profits and/or statutory damages. Due to this position, Mr. Furie has refused to provide any discovery regarding the extent of actual damages, claiming that the burden of obtaining specific information and documents as to licensing revenue is disproportionate to the needs of this case. (*See* January 22, 2019 letter from Will Kinder to Marc Randazza, attached as **Exhibit 1**, at p. 2.) Defendants' counsel then explained that the amount of actual damages Mr. Furie has allegedly suffered is relevant to the determination of the amount of any statutory damages award. (*See* January 24, 2019 letter from Marc Randazza to Will Kinder, attached as **Exhibit 2**.) Mr. Furie has stated that he will provide supplemental documents related to the issue of actual damages "within the next couple weeks," without further elaboration. (*See* email exchange between Will Kinder and Marc Randazza, dated January 28, 2019, attached as **Exhibit 3**.) This late production will likely also be deficient, and yet

1 Defendants will not have time within the existing Scheduling Order to move to compel
2 complete responses to their discovery requests.

3 There are ongoing discussions regarding the adequacy of the parties' discovery
4 responses, and Defendants anticipate needing to file a motion to compel at least as to
5 requests for production of documents related to the amount of actual damages Mr.
6 Furie has suffered.

7 Aside from these new issues, Mr. Furie misrepresents to the Court that
8 Defendants did not meet and confer about filing the Motion until the day of filing.
9 Additionally, while Mr. Furie expresses confusion as to the necessity of the creator of
10 El Sapo Pepe's testimony, it is plainly obvious how such testimony is relevant here.
11 One of Defendants' affirmative defenses is that Mr. Furie's alleged "Pepe the Frog"
12 character is an unauthorized derivative work of El Sapo Pepe, and thus is not entitled
13 to copyright protection.  No person on earth is more qualified to testify as to
14 conspicuous similarities between the two characters than El Sapo Pepe's creator, Analia
15 M. Garcia.  There is good cause to modify the case's Scheduling Order by extending
16 discovery for six months.

17 Additionally, Mr. Furie has provided licensing agreements in which third parties
18 purportedly paid Mr. Furie a fee for the use of Pepe the Frog.  (*See* Declaration of
19 Tennyson Fauver ["Fauver Decl."], attached <u>as</u> **Exhibit 4**, at ¶ 4.)[1]  One of these
20 agreements is with the Chinese company Xi'an MOMO IT Limited, and contemplates
21 a very substantial sum of money being paid to Mr. Furie for a license.  (*See id.* at ¶ 5.)

---

[1] The agreements themselves have been designated as CONFIDENTIAL pursuant to the Stipulated Protective Order. Out of respect for this order, this Reply does not discuss the particulars of any agreement. Defendants are happy to file relevant agreements under seal.

1 Mr. Furie, however, refuses to provide any additional information, including proof that
2 he ever received payment. Meahwhile, Furie's position is that it is "too difficult" to
3 provide proof that he actually received any payments. This disconnect warrants further
4 discovery from Xi'an MOMO. However, that party is located in the People's Republic
5 of China. Given the necessity of third party discovery, across international borders, the
6 parties further require an extension of the discovery period.

**2.0  ARGUMENT**

As an initial matter, Defendants' counsel did not wait until the day of filing the instant Motion to meet and confer with Mr. Furie's counsel. As Mr. Furie admits, Defendants' counsel told Mr. Furie's counsel on January 9, 2019 that Defendants planned to seek a six-month extension of the discovery period. (*See* Doc. No. 74-16.) The email from Defendants' counsel plainly states "[f]or these reasons, we plan to request a six-month extension of all discovery deadlines with the court." (*Id.*) The only way to do that is by filing a motion, and so it is not plausible for Mr. Furie to claim that he had no awareness Defendants intended to file the instant Motion. The most Mr. Furie can accurately claim is that Defendants filed the motion only 5 days after meeting and conferring, rather than 7 as required by L.R. 7-3. But there was obviously no potential for an informal resolution of the motion, even after Defendants' counsel proposed only a six-week extension of the discovery period, instead of six months.[2] (*See* Doc. No. 74-14.) Defendants met and conferred in good faith regarding the basis

---

[2] Defendants do not believe that six weeks will be adequate, at this time, given the need to take discovery in both Argentina and the People's Republic of China.

1    for the Motion prior to filing it, and so the Court should excuse them filing the Motion
2    only 5 days after this conference instead of 7.

3          More substantively, there is good cause under Fed. R. Civ. P. 16(b)(4) to modify
4    the scheduling order in this case.  Defendants continue to arrange for a non-compelled
5    deposition of Ms. Garcia, but have not yet been able to do so, and Ms. Garcia is uniquely
6    qualified to testify as to conspicuous similarities between El Sapo Pepe and Pepe the
7    Frog, which is necessary to fully develop Defendants' affirmative defenses.  Even
8    though attorney Marc Randazza provided a declaration stating that he has been in
9    contact with Ms. Garcia to arrange for her deposition without having to go through the
10   procedures of the Hague Evidence Convention, Mr. Furie claims that this amounts only
11   to an insufficient "conclusory assertion" of diligence, citing *Lindsay v. 1777 Westwood*
12   *L.P.*, 2018 U.S. Dist. LEXIS 133789 (C.D. Cal. Aug. 8, 2018).  But *Lindsay* is easily
13   distinguishable.  First, it dealt with a plaintiff who waited until two months *after* the
14   deadline she sought to extend had passed to move to modify the case's scheduling order
15   (*see id.* at *6), whereas here Defendants filed the Motion 39 days before the non-expert
16   discovery deadline.  Second, the plaintiff in *Lindsay* merely made "assertions that she
17   satisfied all standards to warrant relief from the Scheduling Order" (*id.* at *6-7), while
18   here counsel for Defendants have informed the Court that they are attempting to
19   arrange for Ms. Garcia's informal deposition.  *Lindsay* thus has no bearing on
20   Defendants' Motion.

21          Finally, Mr. Furie claims good cause does not exist because there are no ripe
22   discovery disputes.  But as the exhibits above show, as well as those attached to Mr.
23

Furie's Opposition, all parties are still disputing the adequacy of discovery responses. Mr. Furie's current position is that he does need to produce any documents quantifying any alleged actual damages, but he still wishes to seek statutory damages. Even if Mr. Furie provides full responses and all documents responsive to other areas of inquiry, it appears Defendants will have no choice but to file a motion to compel as to these requests. Under the current Scheduling Order, however, that is impossible, and so there is good cause to extend the discovery period. In fact, a failure to do so would deprive Defendants of due process. Meanwhile, the burden of an extension of the discovery period would pose neither hardship nor burden upon Mr. Furie. Mr. Furie waited 14 years before seeking to enforce or even *register* a single copyright. (*See* Doc. No. 47-5.) The only rationale that can truly be raised by Mr. Furie to a bit of an extension so that this case's facts can be fully developed is "it may prove harmful to my case." Just because Furie wishes to keep operative evidence from the Court by running out the clock is no reason to deprive the Defendants of due process.

## 3.0 CONCLUSION

For the foregoing reasons, the Court should modify the Scheduling Order and extend all related deadlines by 6 months so that the parties may resolve outstanding discovery issues, including seeking discovery in Argentina and China and, if necessary, so that Defendants may file a motion to compel. In the event that the Court feels that six months is too long, a shorter period of time should be granted in the alternative, with a status check and without prejudice to seek an additional extension, should the foreign discovery prove elusive.

| | |
|---|---|
| Dated: January 28, 2019 | Respectfully submitted, |
| | RANDAZZA LEGAL GROUP, PLLC |
| | /s/ Marc J. Randazza |
| | Marc J. Randazza |
| | Alex J. Shepard |
| | 2764 Lake Sahara Drive, Suite 109 |
| | Las Vegas, NV 89117 |
| | *Attorneys for Defendants,* |
| | *Infowars, LLC and* |
| | *Free Speech Systems, LLC* |

Case No. 2:18-cv-01830-MWF-JPR

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on January 28, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notice of Electronic Filing generated by CM/ECF.

Respectfully submitted,

s/ *[signature]*
Employee,
Randazza Legal Group, PLLC