UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** CV 18-1830-MWF (JPRx) | | **Date:** February 7, 2019 |
| **Title:** Matt Furie v. Infowars, LLC, et al. | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER RE: DEFENDANTS INFOWARS, LLC AND FREE SPEECH SYSTEMS, LLC'S MOTION TO MODIFY SCHEDULING ORDER [71]

Before the Court is Defendants Infowars, LLC and Free Speech Systems, LLC's Motion to Modify Scheduling Order (the "Motion"), filed on January 14, 2019. (Docket No. 71). Plaintiff Matt Furie filed an Opposition on January 18, 2019. (Docket No. 74). Defendants filed their Reply on January 28, 2019. (Docket No. 75).

The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing scheduled for February 11, 2019, was therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the Motion is **DENIED** *in part* and **GRANTED** *in part*. Defendants have not demonstrated the diligence required to justify modifying the Scheduling Order to obtain the deposition of a fact witness in Argentina. Without moving the trial date, the Court will modify the Scheduling Order to give Defendants more time to depose Plaintiff and, in the discretion of the Magistrate Judge, to obtain a hearing on their discovery disputes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 18-1830-MWF (JPRx) | Date: February 7, 2019 |
| Title: Matt Furie v. Infowars, LLC, et al. | |

## I. BACKGROUND

On March 5, 2018, Plaintiff commenced this action seeking to enforce his putative copyrights in Pepe the Frog stemming from Defendants' alleged wrongful and infringing sales. (*See generally* Complaint (Docket No. 1)). Pursuant to a stipulation between the parties, Plaintiff filed his operative Second Amended Complaint ("SAC") on July 2, 2018. (*See* SAC (Docket No. 47)). On July 12, 2018, Defendants filed their Answers. (Docket Nos. 48–49). The Court then issued a Scheduling Order on September 12, 2018. (Docket No. 64). Relevant to the present Motion, the non-expert discovery cut-off date is February 22, 2019. (*Id.*).

After the Scheduling Order was issued, Defendants filed an unopposed Motion for Leave to File Amended Answers, which the Court granted on November 2, 2018. (Docket Nos. 67–68). On the same day, Defendants filed Amended Answers, adding a new affirmative defense that Pepe the Frog was an unlicensed derivative work of the pre-existing character "El Sapo Pepe" in Argentina. (Docket Nos. 69–70).

Below is a comparison between Pepe the Frog and El Sapo Pepe:




UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-1830-MWF (JPRx)        **Date:** February 7, 2019
**Title:**     Matt Furie v. Infowars, LLC, et al.

---

(Declaration of Marc J. Randazza ("Randazza Decl.") ¶ 5 (Docket No. 71-2)).

Since filing the Amended Answers, Defendants have "determined the identity of El Sapo Pepe's creator as Analia M. Garcia." (*Id.* ¶ 7). Defendants have also "diligently attempted to obtain her deposition through voluntary means," but have been unsuccessful. (*Id.* ¶ 8). Defendants indicate that they would like to compel Ms. Garcia's deposition through the Hague Convention but "there is little to no possibility of being able to conduct the deposition . . . by February 22, 2019." (*Id.* ¶ 9).

Separate from Defendants' plan to depose Ms. Garcia, the parties also dispute the sufficiency of Plaintiff's responses to the first set of discovery requests. On December 13, 2018, Defendants served on Plaintiff a set of interrogatories, requests for production of documents, and requests for admission. (*Id.* ¶ 11; Declaration of William C. Kinder ("Kinder Decl.") ¶ 12, Ex. J (Docket No. 74-1)). Plaintiff responded to these requests on January 14, 2019. (Randazza Decl. ¶ 12; Kinder Decl. ¶ 14, Ex. L). According to Defendants, however, Plaintiff refused to provide any discovery related to actual damages because he is instead pursuing disgorgement of profits and/or statutory damages. (Letter dated January 22, 2019, from William C. Kinder to Marc J. Randazza (Docket No. 75-1)). The parties then discussed their dispute via letters and email.

On January 28, 2019, Plaintiff's counsel finally indicated that they "are in the process of determining whether [Plaintiff] has any additional documents that reflect licensing income related to Pepe the Frog . . . [and] intend to produce any such documents to the extent they exist." (Email dated January 28, 2019, Between William C. Kinder and Marc J. Randazza (Docket No. 75-3)). Plaintiff's counsel further indicated that they "should be able to supplement [the] production with this information within the next couple of weeks." (*Id.*).

Through their Motion, Defendants seek to modify the Scheduling Order and all related deadlines by six months for the parties to resolve the two discovery disputes. (Mot. at 7).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 18-1830-MWF (JPRx)          Date: February 7, 2019
Title:     Matt Furie v. Infowars, LLC, et al.

## II. DISCUSSION

### A. Compliance with Local Rules

As a preliminary matter, Plaintiff argues that the Motion should be denied in its entirety because of two technical deficiencies.

*First*, Plaintiff argues that Defendants failed to make good-faith efforts to meet and confer in compliance with Local Rule 7-3. (Opp. at 5). Plaintiff explains that, on January 9, 2019, Defendants' counsel stated in an email that they "plan to request a six-month extension of all discovery deadlines with the court." (Kinder Decl. ¶ 13, Ex. K). Though declining to stipulate the requested six-month extension, Plaintiff contends that the email did not state that Defendants contemplated the present Motion. (Opp. at 6). Plaintiff also contends that regardless of the parties' email communications, the Motion was filed just five days later. (*Id.*).

In opposition, Defendants argue that, in light of Plaintiff's refusal to stipulate to an extension, the only other way to request an extension with the Court was to file the present Motion. (Reply at 4). Defendants also argue that the Court should excuse them of filing the Motion only 5 days after the parties' conference instead of 7 because they "met and conferred in good faith regarding the basis for the Motion prior to filing it." (*Id.* 4–5).

*Second*, Plaintiff also argues, in a footnote, that the Motion should be denied under Local Rules 37-1 and 37-2 because much of Defendants' contention "concerns purported deficiencies in Plaintiff's discovery responses and is thus akin to a motion to compel." (Opp. at 6 n.2).

The Court declines to deny the Motion for either technical deficiency since it does not appear that Plaintiff was prejudiced despite Defendants' failure to strictly comply with Local Rule 7-3. Moreover, as Plaintiff also recognized, the Motion is not actually one to compel production and instead involves a dispute over the propriety of modifying the Scheduling Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 18-1830-MWF (JPRx)         Date: February 7, 2019
Title:     Matt Furie v. Infowars, LLC, et al.

The Court will instead proceed the merits of the Motion. All parties are expected to scrupulously observe the Local Rules in the future.

### B.     Modification of the Scheduling Order

Pursuant to Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1)(A) (requiring good cause to extend the time to accomplish an act that must be done within a specified time). The Rule 16 "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end.").

Here, Defendants move to modify the Scheduling Order, specifically asking to extend the discovery deadlines by six months in order to have more time to "depose the creator of the El Sapo Pepe character to fully develop their affirmative defenses," depose Plaintiff, and resolve the "existing dispute regarding the adequacy of [Plaintiff's] discovery responses." (Mot. at 6; Opp. at 3).

The Court finds a lack of diligence for these reasons:

*First*, Defendants have not been diligent in pursuing discovery, even given the change of counsel. They waited nearly four months after fact discovery opened to serve their first set of discovery requests and waited until January 9, 2019, to indicate that they intend to depose Ms. Garcia. (*See* Opp. at 7). Indeed, when moving to amend their Answers, Defendants noted that "[t]he addition of these affirmative defenses would not prejudice [Plaintiff] . . . as there is adequate time remaining to conduct discovery related to the[m]." (Motion for Leave to File Amended Answers at 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-1830-MWF (JPRx)          **Date:** February 7, 2019
**Title:** Matt Furie v. Infowars, LLC, et al.

*Second*, as to the deposition of Ms. Garcia, Plaintiff points to Defendants' counsel's declaration, contending that it is conclusory when asserting that Defendants "have been diligent in determining Ms. Garcia's identity and attempting to schedule her voluntary deposition." (*Id.* at 8). The Court agrees. Presumably, Defendants' desire to depose Ms. Garcia is to find out whether she ever discussed her creation with Plaintiff. But Defendants have neither submitted any evidence to suggest that inference nor an explanation of what specific testimony they hope to elicit from Ms. Garcia. For all we know, favorable testimony from Ms. Garcia could simply be a blind hope.

Defendants also raise, for the first time in their Reply, that they may propound third-party discovery requests on a Chinese corporation with whom Plaintiff entered into a licensing agreement. (*Id.* at 3–4). Defendants did not mention this discovery plan in their Motion and, of course, the Court will not consider an argument raised for the first time in the Reply. *See, e.g.*, *Turtle Island Restoration Network v. U.S. Dept. of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are waived.") (internal quotation marks and citations omitted).

Although Defendants have not shown the requisite diligence, the Court will extend the discovery deadlines for Defendants to complete Plaintiff's deposition. The trial date of **July 16, 2019**, however, remains unchanged.

The Magistrate Judge, in her discretion, may also schedule a hearing on a motion to compel before the discovery cut-off, even if the motion requires that the usual scheduling under Local Rule 37 be modified.

The deadlines and dates are adjusted as follows:

| Event | Prior Date | New Date |
| --- | --- | --- |
| Non-expert Discovery Cut-off | February 22, 2019 | March 29, 2019 |
| Expert Disclosure (Initial) | January 18, 2019 | February 11, 2019 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-1830-MWF (JPRx)          Date:  February 7, 2019
Title:    Matt Furie v. Infowars, LLC, et al.

| | | |
|---|---|---|
| Expert Disclosure (Rebuttal) | February 15, 2019 | March 11, 2019 |
| Expert Discovery Cut-off | March 8, 2019 | April 1, 2019 |
| Last Day to Hear Motions | April 8, 2019 | April 29, 2019 |
| Last Day to Conduct ADR Proceeding | April 22, 2019 | May 17, 2019 |
| File Memorandum of Contentions of Fact and Law, Exhibit and Witness Lists, Status Report regarding settlement, and all Motions in Limine | June 3, 2019 | June 14, 2019 |
| Lodge Pretrial Conference Order, file agreed set of Jury Instructions and Verdict forms, file statement regarding Disputed Instructions and Verdict Forms, and file oppositions | June 10, 2019 | June 21, 2019 |
| Final Pretrial Conference and Hearing on Motions in Limine | June 24, 2019, at 11:00 a.m. | July 1, 2019 at 11 a.m. |
| Trial Date (Est. 2–3 Days) | July 16, 2019 at 8:30 a.m. | No change |

### III.  CONCLUSION

For the reasons discussed above, the Motion is **DENIED in part and GRANTED in part**.

All parties are reminded that they must update their initial disclosures, as appropriate.  In other words, you can't use something at trial that wasn't timely disclosed.

IT IS SO ORDERED.

---