1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MATT FURIE,                              ) Case No. CV 18-1830-MWF (JPRx)
                                         )
                Plaintiff,               )
                                         ) ORDER RE SETTLEMENT CONFERENCE
            v.                           )
                                         )
INFOWARS, LLC et al.                     )
                                         )
                Defendants.              )
                                         )
_____ )

**PLEASE READ THIS ORDER CAREFULLY**

The Settlement Conference is placed on calendar for **Tuesday, May 7, at 1:30 p.m. in Courtroom 690 of the Edward R. Roybal Courthouse in Los Angeles, California.**

The Magistrate Judge will not be involved in the actual trial of the case but rather will assist the parties in an objective appraisal and evaluation of the case.  If the case does not settle, however, the Magistrate Judge will continue to preside over any discovery disputes that may subsequently arise between the parties.  Settlement allows the parties to avoid the substantial cost, expenditure of time, and stress that are

typically part of the litigation process.  Consideration of settlement is a serious matter that requires thorough preparation before the Settlement Conference.  Below are the procedures the parties must follow in preparing for the Settlement Conference.

1.   The purpose of the conference is to permit an informal discussion among the attorneys, parties, nonparty indemnitors or insurers, and the settlement judge of every aspect of the case bearing on its settlement value.  Thus, the settlement conference should not take place until the parties have exchanged any critical discovery.

2.   All settlement proceedings are confidential, and no statement made during them will be admissible in any proceeding in the case unless the parties otherwise agree.  No part of the Settlement Conference will be reported or otherwise recorded without the consent of the parties except for any memorialization of a settlement.  Although Local Rule 16-15.8 does not apply to a settlement conference conducted by a Magistrate Judge, this Court generally adheres to it.

3.   In addition to counsel who will try the case, a person with full settlement authority must be present for each party. This requirement contemplates the physical presence of each individual client or, if a corporate or governmental entity, of an authorized and knowledgeable representative of your client.[1]

_____

[1]      If this matter is a lawsuit in which the United States or any of its agencies is a party, the Assistant U.S. Attorney who will try the case may appear without a representative, provided that he or she comes armed with the full measure of authority conveyed by his or her superiors within the U.S. Attorney's Office after appropriate consultation.

The Plaintiff's representative must have full and final authority, **in the representative's sole discretion**, to authorize dismissal of the case with prejudice or to accept a settlement amount recommended by the settlement judge in an amount equal to at least the Defendant's last offer made before the Settlement Conference.   The Defendant's representative must have final settlement authority to commit the Defendant to pay, **in the representative's sole discretion**, a settlement amount recommended by the settlement judge of as much as the Plaintiff's prayer (excluding punitive-damages prayers) or up to the Plaintiff's last demand made before the Settlement Conference, whichever is lower.

The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

4.   If Board approval is required to authorize settlement, the attendance of at least one sitting and knowledgeable member of the Board (preferably the Chairman) is absolutely required.

5.   Subject to paragraph 7 below, counsel appearing without their clients (whether or not counsel claim to have been given settlement authority) will cause the Settlement Conference to be cancelled and rescheduled if possible.   The noncomplying party or attorney – or both – may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling.

6.   Any insurance company that is a party to the case or is contractually required to defend or to pay damages assessed within policy limits should have a settlement representative at

the conference.   The representative must have final settlement authority to commit the company to pay, **in the representative's sole discretion**, an amount recommended by the settlement judge within the policy limits.   The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims during the course of the conference without consulting a superior.   An insurance representative authorized to pay, **in his or her sole discretion**, up to the Plaintiff's last demand made before the Settlement Conference will also satisfy this requirement.   Counsel of record will be responsible for timely advising any involved nonparty insurance company of the requirements of this Order.

7.   When a person whose personal attendance would otherwise be required under the foregoing paragraphs resides outside the District, the Court will consider excusing his or her personal attendance as long as the person can and will be available by telephone during the entire Settlement Conference.   **If a party desires to avail itself of this excuse from personal attendance, counsel should make that request in the party's Settlement Conference Statement** (and specify where the person will be located during the Settlement Conference).   After the party's Settlement Conference Statement is submitted, counsel should contact Magistrate Judge Rosenbluth's courtroom deputy clerk to ascertain whether the request has been granted.   Frequently, such requests are not granted.

8.   During or after the Settlement Conference, the Magistrate Judge may, in her discretion, converse with the lawyers, the parties, the insurance representatives, or any one

of them outside the hearing of the others.  The comments of the judge during such separate sessions are not to be used by counsel in settlement negotiations with opposing counsel.  This is a necessary requirement in order to avoid intentional or unintentional misquotation of the judge's comments.  If all counsel and parties are not present to hear the Court's opinions, it is all too easy for counsel to misstate the Court's comments in an effort to obtain a tactical advantage with opposing counsel.  Violation of this policy may hinder settlement.

9.   Before the Settlement Conference, the attorneys are directed to discuss settlement with their respective clients and insurance representatives, so that the parameters of possible settlement will have been explored well in advance of the Settlement Conference.  At the Settlement Conference, each party shall be fully prepared to discuss all economic and noneconomic factors relevant to a full and final settlement of the case.

10.   In order to avoid the unnecessary expenditure of resources if the case is not ripe for settlement, and in order to provide the parties with a starting point for their settlement discussions with the Magistrate Judge if the case is ripe for settlement, Plaintiff shall advise Defendant(s) of the terms upon which Plaintiff is prepared to settle the case, in a letter delivered or faxed to Defendant(s) no later than 14 days before the Settlement Conference.  Plaintiff's letter should include a written itemization of damages and a settlement demand with a brief explanation of why such a settlement is appropriate. Within 72 hours of receipt of Plaintiff's settlement offer, each Defendant shall respond to it by letter advising Plaintiff of the

terms upon which that Defendant is prepared to settle the case and, briefly, why those terms are appropriate.[2] **If following this exchange of settlement offers counsel for any of the parties believes that the case is not ripe for settlement and that proceeding with the conference as scheduled will not be a productive use of the Magistrate Judge's or the parties' time, counsel for the party or parties shall immediately contact the courtroom deputy and arrange for a telephonic conference with the Magistrate Judge to discuss with all parties whether to proceed with the Settlement Conference as scheduled.** If the telephonic status conference cannot take place at least seven days before the Settlement Conference date, the parties still must comply with paragraph 11 below.

11. Assuming the Settlement Conference remains on calendar or the telephonic status conference is scheduled for less than seven days before the Settlement Conference date, then no later than 4 p.m. seven days before the scheduled date, each party shall submit a Settlement Conference Statement directly to the chambers of Magistrate Judge Rosenbluth (that is, to Royal Courthouse, outside Room 1200, 12th Floor, Clerk's Office) or by fax to (213) 894-5173. Each party shall serve its statement upon

---

[2] The Court expects the parties to exchange good-faith settlement offers. For the Plaintiff, this means offering to settle on terms less favorable than those Plaintiff reasonably could expect to achieve if Plaintiff prevailed at trial, taking into account Plaintiff's nonrecoupable costs of litigation. For each Defendant, this means offering to settle on terms less favorable than the Defendant reasonably could expect to achieve if Defendant prevailed at trial, taking into account Defendant's nonrecoupable costs of litigation.

the other party on the same day.  The statements should not be filed with the Clerk of the Court.  Each Statement must be double-spaced and should not exceed 10 pages.

The parties' respective settlement conference statements should include the following:

A.   A brief statement of the facts of the case and of the claims and defenses remaining to be tried, including the statutory or other grounds upon which the claims are founded.  This statement should identify the major factual and legal issues in dispute and cite any controlling authorities.

B.   An itemized statement of the damages claimed and of any other relief sought.

C.   A summary of the proceedings to date, including any case management dates/deadlines already set by the District Judge and any critical discovery the parties have not yet exchanged, with an explanation of why not.

D.   A history of past settlement discussions, offers, and demands, including the most recent settlement offers exchanged under paragraph 10 above.  A copy of each party's letter sent under paragraph 10 above should be attached to the party's Settlement Conference Statement.

12.  **Each party should also prepare a Confidential Addendum to Settlement Conference Statement, which must be delivered (or faxed) directly to Magistrate Judge Rosenbluth only, along with the Settlement Conference Statement.**  The Confidential Addendum should <u>not</u> be filed with the Court <u>or</u> served upon the other

parties.   The Confidential Addendum should contain:

A.   A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

B.   The approximate amount of attorney's fees, time, and costs expended to date and an estimate of the fees, time, and costs to be expended for (i) further discovery, (ii) pretrial preparation, and (iii) trial.

C.   The party's evaluation of the terms on which the other side is prepared to settle the case.

D.   The party's evaluation of the terms on which the case could be settled fairly, taking into account the litigation position and settlement position of the other side.

13.   If it does not appear to the Court from its review of the parties' settlement conference statements and confidential addenda that a Settlement Conference at this juncture is likely to result in settlement of the matter, the Court may order the Settlement Conference off calendar or defer it to a later juncture in the proceedings (for example, after a pending or anticipated dispositive summary judgment motion has been decided or critical discovery has been exchanged).

14.   At the commencement of the conference, counsel for each party should be prepared to make the equivalent of a brief opening statement and to respond to the Court's questions regarding the relevant facts and law, in the presence of all parties and counsel.   Counsel should have available for the Court's perusal copies of all key documents in the case as well

as copies of all important witnesses' deposition transcripts. The parties should be prepared to address the following questions at the Settlement Conference. Thus, counsel are ordered to make a copy of this Order available to their client before the Settlement Conference and to discuss it with the client.

      A.   What are your goals in the litigation and what problems would you like to address in the Settlement Conference? What do you think are the opposing side's goals?

      B.   What issues need to be resolved, both legally and otherwise? What are the strengths and weaknesses of your case?

      C.   Do you understand the opposing side's view of the case? What is wrong with that view? What is right?

      D.   What are the points of agreement and disagreement between the parties?

      E.   What are the obstacles to settlement? Financial? Emotional? Legal?

      F.   Does settlement or further litigation better enable you to accomplish your goals?

      G.   Is there any additional information you need to adequately discuss settlement? Is so, how do you plan to obtain that information?

      H.   Are there any third parties who you think should be participating in this Settlement Conference?

      15.   Any failure of the trial attorneys, parties, or persons with settlement authority to attend the conference may result in sanctions, including the fees and costs expended by the other

parties in preparing for and attending the conference.  The failure of any party to timely submit a Settlement Conference Statement or Confidential Addendum in compliance with this Order, or otherwise comply strictly with this Order, may result in the Settlement Conference being ordered off calendar and sanctions being imposed.

16.  If settlement between any or all parties is reached as a result of the Settlement Conference, it is the responsibility of counsel to immediately report the settlement to the District Judge's courtroom deputy clerk as well as to timely memorialize the settlement.  See C.D. Cal. R. 16-15.7.


DATED: April 12, 2019

JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE

10