NANCY SCHROEDER (SBN 280207)
(nancy.schroeder@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 S. Grand Ave., Suite 2100
Los Angeles, CA 90071
Telephone: +213 443 5300
Facsimile: +213 443 5400


LOUIS W. TOMPROS (*pro hac vice*)
(louis.tompros@wilmerhale.com)
STEPHANIE LIN (*pro hac vice*)
(stephanie.lin@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: +1 617 526 6000
Facsimile: +1 617 526 5000

WILLIAM C. KINDER (*pro hac vice*)
(will.kinder@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
New York, NY 10007
Telephone: +1 212 230 8800
Facsimile: +1 212 230 8888

*Attorneys for Plaintiff Matt Furie*

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT FURIE,<br><br>                    Plaintiff,<br><br>        vs.<br><br>INFOWARS, LLC; FREE SPEECH SYSTEMS, LLC,<br><br>                    Defendants. | 2:18-cv-01830-MWF-JPR<br><br>**DECLARATION OF STEPHANIE LIN IN SUPPORT OF DEFENDANTS' APPLICATION TO FILE UNDER SEAL (DKT. 98)**<br><br>Date: May 6, 2019<br>Time: 10:00 a.m.<br>Hon. Michael W. Fitzgerald<br>Case Filed: March 5, 2018<br>Trial Date: July 16, 2019 |

DECLARATION OF STEPHANIE LIN
Case No. 2:18-cv-01830-MWF-JPR

I, Stephanie Lin, declare under penalty of perjury that:

1.     I am a senior associate at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP. I am counsel for Plaintiff Matt Furie.

2.     I am a member in good standing of the bar of the Commonwealth of Massachusetts. I have never been suspended, disbarred, sanctioned, or cited for contempt by any court or administrative body.

3.     I respectfully submit this declaration in support of Defendant Infowars, LLC and Free Speech Systems, LLC's (collectively, "Infowars") Application to File Unredacted Versions of Defendants Motions for Summary Judgment and Supporting Documents Under Seal in the above-referenced matter. This declaration is based upon my personal knowledge.

4.     On September 5, 2018, the Court issued a protective order in the above-referenced matter recognizing that this litigation would likely include "the exchange of confidential and proprietary information, including . . . communications containing internal business information (including contracts and financial information) that would be damaging if it were made available to competitors or prospective business matters." Dkt. 62 at 2-3.

5.     On April 5, 2019 Alex Shepard, counsel for Infowars, provided notice of Infowars's intent to file certain of Mr. Furie's confidential information under seal, per L.R. 79-5. I identified for Mr. Shepard only the most sensitive information for redaction in order to minimize the amount of information that would be filed under seal. The highlighted items in the attachments to the Declaration of Alex J. Shepard (Dkt. 99) accurately reflect the information for redaction.

2

6.     There is good cause to file the information Infowars has applied to file under seal. This information has been designated confidential by Mr. Furie, as it contains sensitive business information concerning the negotiations and financial terms of licensing contracts entered into by Mr. Furie.

7.     The information that Mr. Furie has identified for redaction and filing under seal is limited to documents and testimony disclosing the specific financial terms of his license agreements with third parties. Mr. Furie does not ordinarily disclose those specific amounts publicly. Public disclosure of the specific amounts for which Mr. Furie has licensed his copyrights would place Mr. Furie at a competitive disadvantage in future licensing negotiations. *In re ConAgra Foods, Inc.*, No. CV1105379MMMAGRX, 2014 WL 12577133, at *4 (C.D. Cal. Dec. 29, 2014) (finding compelling reason to seal sales information "[that] could be used by ConAgra's competitors and place the company at a competitive disadvantage were it to be disclosed.").

8.     Specifically, the information that Mr. Furie has identified for redaction is:

      a.     The amount Mr. Furie made from various licensing contracts, on pages 6 and 19 of Infowars's Memorandum of Points and Authorities. The sources of this information are documents that were produced on a confidential basis under the protective order, and testimony from Mr. Furie that have been designated confidential under the protective order.

      b.     The amount Mr. Furie made from various licensing contracts, on pages 9-11 of Infowars's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment. The sources of this information are documents that were produced on a

3

1    confidential basis under the protective order, and testimony from Mr. Furie

2    that have been designated confidential under the protective order.

3            c.      Testimony concerning the amount Mr. Furie made from various

4    licensing contracts on pages 27-29, 40, 45, and 52-54 of Infowars's Exhibit

5    9, excerpts of Matt Furie's Deposition Transcript.  These portions of Mr.

6    Furie's Deposition Transcript have been designated confidential under the

7    protective order.

8            d.      The payment terms on page FURIE_INFO_00000347 of

9    Infowars Exhibit 22, a licensing agreement between Mr. Furie and Bored

10   Teenager.  This document was produced on a confidential basis under the

11   protective order.

12           e.      The payment terms on page FURIE_INFO_00000353 of

13   Infowars Exhibit 23, a licensing agreement between Mr. Furie and Furry

14   Puppet.  This document was produced on a confidential basis under the

15   protective order.

16           f.      The payment terms on page FURIE_INFO_00000349 of

17   Infowars Exhibit 24, a licensing agreement between Mr. Furie and WattzUp

18   Power.  This document was produced on a confidential basis under the

19   protective order.

20           g.      The payment terms on page FURIE_INFO_00001001 of

21   Infowars Exhibit 25, a licensing agreement between Mr. Furie and Romance

22   Apocalypse.  This document was produced on a confidential basis under the

23   protective order.

24           h.      The payment terms on page FURIE_INFO_00000738 of

25   Infowars Exhibit 28, a licensing agreement between Mr. Furie and FJerry.

26                                            4

27

28

1    This document was produced on a confidential basis under the protective

2    order.

3         i.      The payment terms on page FURIE_INFO_00000345 of

4    Infowars Exhibit 31, a licensing agreement between Mr. Furie and Xi'An

5    Momo IT.  This document was produced on a confidential basis under the

6    protective order.

7         j.      The payment terms on page FURIE_INFO_00000339 of

8    Infowars Exhibit 32, a licensing agreement between Mr. Furie and What Do

9    You Meme,.  This document was produced on a confidential basis under the

10   protective order.

11        k.      The payment terms on page FURIE_INFO_00001022 of

12   Infowars Exhibit 33, a licensing agreement between Mr. Furie and Furry

13   Puppet.  This document was produced on a confidential basis under the

14   protective order.

15

16   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

17   foregoing is true and correct.

18   Executed on April 18, 2019 at Boston, Massachusetts.

19

20

21   Stephanie Lin

22

23

24

25

26                                          5

27

28