UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-1830-MWF (JPRx)          **Date:** April 22, 2019
**Title:** Matt Furie v. Infowars, LLC, et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                              Court Reporter:
Rita Sanchez                                Not Reported

Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
None Present                              None Present

**Proceedings (In Chambers):** ORDER RE: APPLICATION FOR LEAVE TO FILE UNREDACTED VERSIONS OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND SUPPORTING DOCUMENTS UNDER SEAL [98]

     Before the Court is Defendants Infowars, LLC and Free Speech Systems, LLC's Application for Leave to File Unredacted Versions of Defendants' Motion for Summary Judgment and Supporting Documents Under Seal (the "Application"), filed on April 17, 2019. (Docket No. 98).

     Through their Application, Defendants seek to file portions of their Motion for Summary Judgment (the "Motion"); Statement of Uncontroverted Facts and Conclusions of Law; and Exhibits 9, 22–25, 28, 31–33 attached to the Motion under seal. (App. at 2). The materials referenced in the above documents are licensing agreements between Plaintiff and third parties regarding the use of the Pepe the Frog character and certain portions of Plaintiff's deposition referencing the contents of these agreements. (*Id.*). Defendants also note that the information to be filed under seal was previously designated as "Confidential" pursuant to a Protective Order in this action. (*See id.*; Docket No. 62).

     Local Rule 79-5.2.2(b) sets forth the process parties are to follow when one party seeks to file documents under seal on the basis of the other party's "confidential" designation. It provides, in pertinent part, that "[w]ithin 4 days of the filing of the Application, the Designating Party must file a declaration establishing that all or part

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-1830-MWF (JPRx)     **Date:** April 22, 2019
**Title:**     Matt Furie v. Infowars, LLC, et al.

of the designated material is sealable…," and that "[i]f the Designating Party maintains that only part of the designated material is sealable, the Designating Party must file with its declaration a copy of the relevant material with proposed redactions."

On April 18, 2019, as required by Local Rule 79-5.2.2(b), Plaintiff filed the Declaration of Stephanie Lin in support of Defendants' Application. (Declaration of Stephanie Lin in Support of Defendants' Application to File Under Seal ("Lin Decl.") (Docket No. 100)). Plaintiff notes that the parties conferred on April 5, 2019, and Plaintiff identified for Defendants "only the most sensitive information for redaction in order to minimize the amount of information that would be filed under seal." (*Id.* ¶ 5). Plaintiff also notes that the information sought to be filed under seal "contains sensitive business information concerning the negotiations and financial terms of licensing contracts" with third parties. (*Id.* ¶ 6).

"In this circuit, we start with a strong presumption in favor of access to court records. The common law right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted) (discussing factors relevant to "compelling reasons" standard). Furthermore, the "presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion." *Id.* at 1136 (noting that "summary judgment adjudicates substantive rights and serves as a substitute for trial" and there must be "some overriding interests in favor of keeping the discovery documents under seal") (citations omitted).

Here, Defendants have demonstrated compelling reasons to file the designated documents with limited redactions under seal. The information in the designated documents contains sensitive business information concerning the negotiations and financial terms of Plaintiff's licensing contracts with third parties, the disclosure of which could be used to Plaintiff's disadvantage by nonparties in future negotiations. *See* Fed. R. Civ. P. 26(c); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (stating that "sources of business information that might harm a litigant's competitive standing" properly may be sealed); *Phillips ex rel. Estates of Byrd v. General Motors*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 18-1830-MWF (JPRx) | **Date:** April 22, 2019 |
| **Title:** | Matt Furie v. Infowars, LLC, et al. | |

*Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) ("The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information.").

Accordingly, the Application is **GRANTED**. Defendants may file their Motion, Statement of Uncontroverted Facts and Conclusions of Law; and Exhibits 9, 22–25, 28, 31–33 attached to the Motion under seal.

IT IS SO ORDERED.