UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 18-1830-MWF (JPRx)**  **Date:** **April 24, 2019**
Title:     Matt Furie v. Infowars, LLC, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

     Deputy Clerk:               Court Reporter:
     Rita Sanchez               Not Reported

     Attorneys Present for Plaintiff:    Attorneys Present for Defendant:
     None Present               None Present

**Proceedings (In Chambers):**  ORDER RE: APPLICATION FOR LEAVE TO FILE UNREDACTED VERSION OF EXHIBIT 1 TO DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER SEAL [103]

Before the Court is Defendants Infowars, LLC and Free Speech Systems, LLC's Application for Leave to File Unredacted Version of Exhibit 1 to Defendants' Reply in Support of Motion for Summary Judgment Under Seal (the "Application"), filed on April 22, 2019.  (Docket No. 103).

Through their Application, Defendants seek to file "a licensing agreement Plaintiff Matt Furie entered into with a third party, Momo Entertainment Limited, regarding use of the Pepe the Frog character."  (*Id.* at 2).  Plaintiff has previously designated the agreement as "Confidential" pursuant to a Protective Order in this action.  (*See id.*; Docket No. 62).

Local Rule 79-5.2.2(b) sets forth the process parties are to follow when one party seeks to file documents under seal on the basis of the other party's "Confidential" designation.  It provides, in pertinent part, that "[w]ithin 4 days of the filing of the Application, the Designating Party must file a declaration establishing that all or part of the designated material is sealable," and that "[i]f the Designating Party maintains that only part of the designated material is sealable, the Designating Party must file with its declaration a copy of the relevant material with proposed redactions."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-1830-MWF (JPRx)                Date:  April 24, 2019
Title:        Matt Furie v. Infowars, LLC, et al.

On April 24, 2019, as required by Local Rule 79-5.2.2(b), Plaintiff filed the
Declaration of Stephanie Lin in support of Defendants' Application.  (Declaration of
Stephanie Lin in Support of Defendants' Application to File Under Seal ("Lin Decl.")
(Docket No. 110)).  Plaintiff notes that the parties conferred on April 19, 2019, and
Plaintiff identified for Defendants "only the most sensitive information for redaction in
order to minimize the amount of information that would be filed under seal."  (*Id.* ¶ 5).
Plaintiff also notes that the information sought to be filed under seal "contains sensitive
business information concerning the negotiations and financial terms of licensing
contracts" with third parties.  (*Id.* ¶ 6).

"In this circuit, we start with a strong presumption in favor of access to court
records.  The common law right of access, however, is not absolute and can be
overridden given sufficiently compelling reasons for doing so."  *Foltz v. State Farm
Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted) (discussing
factors relevant to "compelling reasons" standard).  Furthermore, the "presumption of
access is not rebutted where, as here, documents subject to a protective order are filed
under seal as attachments to a dispositive motion."  *Id.* at 1136 (noting that "summary
judgment adjudicates substantive rights and serves as a substitute for trial" and there
must be "some overriding interests in favor of keeping the discovery documents under
seal") (citations omitted).

Here, Defendants have demonstrated compelling reasons to file the agreement
with limited redactions under seal.  The information in the agreement contains
sensitive business information concerning the negotiations and financial terms of
Plaintiff's licensing contracts with a third party, the disclosure of which could be used
to Plaintiff's disadvantage by nonparties in future negotiations.  *See* Fed. R. Civ. P.
26(c); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (stating that
"sources of business information that might harm a litigant's competitive standing"
properly may be sealed); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307
F.3d 1206, 1211 (9th Cir. 2002) ("The law . . . gives district courts broad latitude to
grant protective orders to prevent disclosure of materials for many types of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 18-1830-MWF (JPRx)**              **Date:  April 24, 2019**
Title:       Matt Furie v. Infowars, LLC, et al.

___

information, including, but not limited to, trade secrets or other confidential research, development, or commercial information.").

Accordingly, the Application is **GRANTED**.  Defendants may file Exhibit 1 attached to their Reply in Support of Motion for Summary Judgment under seal.

IT IS SO ORDERED.